ATLANTIC MICROFILM CORPORATION v. DR. WILLIAM L. TURNER, R. D. McMILLAN, THOMAS J. WHITE, SAMUEL H. JOHNSON, RALPH H. SCOTT, THORNE GREGORY, LINDSAY C. WARREN, JR., AND FRANK FORSYTH

No. 7021SC45

(Filed 25 February 1970)

**1. State § 4— sovereign immunity**

The sovereign may not be sued without its consent.

**2. Parties § 1;    Pleadings § 1—    individual or representative action — record as a whole**

An action should be treated as individual or representative as its true nature is disclosed by an inspection of the whole record.

**3. Injunctions § 11;    State § 4—    action against individual State officials — unauthorized action against State**

Action to restrain individual defendants, officials of the State, from awarding a contract for the microfilming of patient medical records at a State hospital to the apparent low bidder or to anyone other than plaintiff *is held* an unauthorized action against the State and not an action against the defendants as individuals, where the record reveals that every act alleged against any individual defendant was an act performed or to be performed in his capacity as a representative of the State, and the trial court properly sustained defendants' demurrer and dismissed the action.

APPEAL by plaintiff from *Seay, J.,* 6 October 1969 Session of Superior Court held in FORSYTH County.

Plaintiff brings this action against these defendants "as individuals" alleging in a complaint filed on 24 September 1969, among other things, that it "is engaged in the business of supplying and installing microfilm services for business, industry and governmental agencies in the State of North Carolina"; that the defendant Dr. William L. Turner is the Director of North Carolina Department of Administration; that the defendant R. D. McMillan is the State Purchasing Officer in charge of the Purchase and Contract Division of the Department of Administration, and that the other defendants are members of the North Carolina Board of Award and the Advisory Budget Commission of North Carolina; that the Director of Administration prepared specifications and advertised for bids for the microfilming of certain active and inactive patient medical record files of the North Carolina Memorial Hospital at Chapel Hill, North Carolina; that bids were opened on 31 October 1968, and "the Director of Administration and the Board of Award, appointed by the Advisory Budget Commission, rejected all bids and

readvertised for bids . . ."; that bids were again opened on 5 June 1969, with the "apparent" low bidder being Charles-Leyburn Company; however, said low bidder had failed to comply with the specifications in several respects; that plaintiff was the only bidder submitting a bid which conformed to the invitation and specifications; that "(a)s a consequence of the foregoing circumstances, this plaintiff was the only bidder who met the required specifications in the invitation for bids, and plaintiff has been so advised by officials of the North Carolina Memorial Hospital at Chapel Hill, North Carolina. Notwithstanding these facts, the defendants herein named, purporting to act in their various capacities as the Advisory Budget Commission, the Board of Award, the Director of the Department of Administration and State Purchasing Officer, have announced that they will proceed to award and execute a contract with Charles-Leyburn Company, in pursuance with authority which they claim is given them under Article 3, Chapter 143 of the General Statutes of North Carolina"; that such is contrary to the law; that plaintiff requested "the defendant R. D. McMillan for a hearing before the State Board of Award" but such was denied; that the execution of a contract to any bidder except the plaintiff "would be void and beyond the authority of the defendants for the reasons herein set forth, and therefore that the defendants are acting and proposing to act without any authority and should be individually and collectively restrained from so doing"; that "(p)laintiff, as a responsible bidder and as a taxpayer of North Carolina will be irreparably injured and damaged if the defendants are allowed to execute a contract with the purported low bidder or with any other bidder who failed to meet specifications. Plaintiff has no adequate remedy at law and could not sue the State of North Carolina for failure to award a contract to the plaintiff." Plaintiff further asks that the defendants be restrained and enjoined from entering into a contract with any bidder who failed to meet specifications.

On the date the complaint was filed, Judge Lupton issued a temporary restraining order restraining the defendants "from entering into a contract with Charles-Leyburn Company or with any other person, firm or corporation, for the furnishing of microfilming system or services to North Carolina Memorial Hospital at Chapel Hill, North Carolina. And it is further ordered that the said defendants appear before His Honor Thomas W. Seay, Jr., or such other Judge as may then and there be presiding over a Session of Superior Court of Forsyth County, and particularly on the 6th day of October 1969, at 10:00 o'clock a.m., or as soon thereafter as they

can be heard, and show cause, if any there be, why this Order should not be continued until the final determination of this action."

On 6 October 1969 the defendants filed a demurrer to the complaint stating therein:

"1.　That this Court has no jurisdiction of the subject of this action for that it appears upon the face of the complaint that the action is for an injunction to restrain the defendants in their official positions as officers of the State from carrying out the duties which the law requires them to perform; that the relief sought affects the State and not the defendants individually and, therefore, this is an action against the State of North Carolina which has not waived its sovereign immunity and has not consented to be sued.

2.　That from the facts alleged in the complaint, it does not appear that the defendant State officials acted either corruptly, in violation of law or in excess of authority.

3.　That the Court has no authority to control by mandamus injunction or otherwise the exercise of a discretionary duty by a State official.

4.　That it appears upon the face of the complaint that the contract complained of is a service contract; that there is no statutory provision which requires such a contract to be awarded to the lowest responsible bidder and plaintiff's allegations with respect thereto are erroneous conclusions of law.

5.　That the complaint does not allege facts which show that the plaintiff does not have an adequate remedy at law; that the complaint fails to allege facts establishing that the plaintiff will be injured or affected by the acts of the defendants which are sought to be restrained or that if the relief sought were granted that plaintiff would be protected thereby from injury, in that plaintiff does not pray that the contract be awarded to them or that the defendants be restrained from readvertising or awarding the bid upon said readvertisement or negotiating a contract as they are authorized by law to do."

After a hearing, Judge Seay entered judgment on 10 October 1969:

"1.　That the demurrer filed herein be and the same is hereby sustained.

2.　That the temporary injunction entered on the 24th day of September, 1969, against the defendants be and the same is hereby dissolved.

3. That this cause of action be and the same is hereby dismissed.

4. That the plaintiff pay the costs of this action."

To the entry of this judgment, the plaintiff excepts and appeals to the Court of Appeals.

*Kluttz & Hamlin by Clarence Kluttz for plaintiff appellant.*

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney Eugene A. Smith for defendant appellees.*

MALLARD, C.J.

[1] In the case of *Schloss v. Highway Commission,* 230 N.C. 489, 53 S.E. 2d 517 (1949), it is said:

"That the sovereign may not be sued, either in its own courts or elsewhere, without its consent, is an established principle of jurisprudence in all civilized nations. *S. v. R. R.,* 145 N.C. 495; *Bennett v. R. R.,* 170 N.C. 389, 87 S.E. 133; *Carpenter v. R. R.,* 184 N.C. 400, 114 S.E. 693; *Dredging Co. v. State,* 191 N.C. 243, 131 S.E. 665; *Rotan v. State,* 195 N.C. 291, 141 S.E. 743; *Vinson v. O'Berry,* 209 N.C. 287, 183 S.E. 423; *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619; 49 A.J. 301, and citations in note; Anno. 42 A.L.R. 1465, 50 A.L.R. 1408. In the absence of consent or waiver, this immunity against suit is absolute and unqualified. *Dalton v. Highway Com.,* 223 N.C. 406, 27 S.E. 2d 1; 40 A.J. 304."

In the case of *Electric Co. v. Turner,* 275 N.C. 493, 168 S.E. 2d 385 (1969), the plaintiff brought an action against some of these same individuals and others who were at that time holding the same official positions that the individual defendants in this action hold. The plaintiff sought to restrain the defendants from accepting any new bids on certain television transmitting equipment and also requested that a mandatory injunction be issued requiring the defendants to award the plaintiff the contract according to its bid. The Court said:

"The record discloses that every act charged against any defendant was performed in his capacity as representative of the State, and related to a contract to be performed on behalf of the State. The facts and issues involved, and the relief demanded, permit only one conclusion: This is an action against the State of North Carolina. The suit was without the State's consent.

'It is axiomatic that the sovereign cannot be sued in its own courts or in any other without its consent and permission. . . . An action against a commission or board created by statute as an agency of the State where the interest or rights of the State are directly affected is in fact an action against the State.' *Ins. Co. v. Unemployment Compensation Comm.,* 217 N.C. 495, 8 S.E. 2d 619; *Dredging Co. v. State,* 191 N.C. 243, 131 S.E. 665; *U. S. v. Lee,* 106 U.S. 196, 25 R.C.L. 412.

\* \* \*

'The State is immune from suit unless and until it has expressly consented to be sued. It is for the General Assembly to determine when and under what circumstances the State may be sued. When statutory provision has been made for an action against the State, the procedure prescribed by statute must be followed, and the remedies thus afforded are exclusive. . . .' *Ins. Co. v. Gold,* 254 N.C. 168, 118 S.E. 2d 792."

The Director of the North Carolina Department of Administration, the State Purchasing Officer in charge of the Purchase and Contract Division of the Department of Administration, the North Carolina Board of Award, and the Advisory Budget Commission of North Carolina are State officials and State agencies. Their authority is defined by statute. The plaintiff does not allege that these State officials and State agencies can be sued by plaintiff; neither does plaintiff allege that it has permission to sue them as State officials. In fact, in its complaint the plaintiff alleges that it has no adequate remedy at law and that it could not sue the State of North Carolina for failure to award a contract to the plaintiff.

In the case of *Lynn v. Clark,* 254 N.C. 460, 119 S.E. 2d 187 (1961), one of the defendants was described in the caption as "Administrator of Charles Clark, deceased" but there was no allegation in the complaint that he was such administrator or that he had qualified and was acting in his representative capacity. The Supreme Court there said:

"While a complaint should specifically allege whether the action is brought against the defendant in his representative capacity, it is sufficient if the complaint, taken as a whole, shows that the defendant is being sued in a representative capacity, though it is not expressly so alleged."

In the case before us the complaint specifically states that the defendants are being sued as individuals, but the complaint, taken as a whole, shows that the defendants are being sued as State offi-

cials. A group of individuals, acting as individuals, have no authority to award a contract in the name of the State. The plaintiff says that the defendants are intending to act in their official capacity by awarding a contract. When the defendants act in their official capacity, it is the State acting. The awarding of a contract as described in the complaint would be action on the part of the State.

**[2]** In *Lynn v. Clark, supra,* the Court said:

> "An action should be treated as individual or as representative, as its true nature is disclosed by an inspection of the whole record."

When the complaint in the instant case is considered as a whole, we think that the plaintiff is seeking to do indirectly what it cannot do directly in asking the Court to restrain the defendants, as individuals, from doing that which they can do only as public officials. Plaintiff does not allege that defendants, as individuals, have authority to advertise for bids or award a contract to anyone for the microfilming of the patient medical record files of the North Carolina Memorial Hospital at the University of North Carolina at Chapel Hill, North Carolina.

Plaintiff, however, contends that the defendants, as State officials, cannot be acting on behalf of the State because they propose to exceed their authority as State officials. State officials have been given certain discretionary powers under G.S. 143-52, G.S. 143-49(3), and G.S. 143-49(6). In *Electric Co. v. Turner, supra,* the Court said:

> "Neither mandamus nor mandatory injunction may be issued to control the manner of exercising a discretionary duty. *Ponder v. Joslin,* 262 N.C. 496, 138 S.E. 2d 143; *Hospital v. Wilmington,* 235 N.C. 597, 70 S.E. 2d 833; *Harris v. Bd. of Education,* 216 N.C. 147, 4 S.E. 2d 328."

The plaintiff seeks to restrain State officials by an action alleged to be against individuals. If this action is brought against individuals, and plaintiff states it is, then the plaintiff is not entitled herein to a restraining order against them restraining them from acting as State officials. If the action is against the defendants as State officials, then the allegations of the complaint fail to reveal that plaintiff has the right to maintain such an action.

In the case before us the plaintiff prays that the defendants be restrained and enjoined from entering into a microfilming contract, as set out in the invitation for bids, with Charles-Leyburn Company or with anyone other than the plaintiff. As in *Electric Co. v. Turner,*

*supra,* the record here reveals that every act alleged against any individual defendant was an act performed or to be performed in his capacity as a representative of the State.

We are of the opinion and so hold that this is an unauthorized action against the State, that it is not an action against the defendants as individuals. The judgment of the Superior Court dissolving the restraining order and dismissing the action should be, and it is

Affirmed.

MORRIS and VAUGHN, JJ., concur.