SPERRY CORPORATION v. JANE PATTERSON AND GLENN JERNIGAN

No. 8410SC461

(Filed 19 February 1985)

1. **Unfair Competition § 1— Chapt. 75—no cause of action against State or its representative**

The consumer protection and anti-trust laws of Chapter 75 of the General Statutes do not create a cause of action against the State because the State is not a "person, firm, or corporation" within the meaning of G.S. 75-16; moreover, defendant Patterson acted as a representative of the State in awarding State contracts, and a G.S. 75-1.1 claim will not lie against her in her individual capacity regardless of whether she exceeded her statutory authority. G.S. 1A-1, Rule 12(b)(6).

2. **State § 4.2— sovereign immunity—allegations that official exceeded authority —denial of motion to dismiss proper**

The defense of sovereign immunity did not apply and defendant's motion to dismiss was properly denied where plaintiff's complaint raised factual issues as to whether defendant Patterson exceeded her authority and violated G.S. 143-52 by a pattern of awarding State computer contracts to one company, by deciding to award the contracts in question to plaintiff's competitor before bid invitations ever issued, and by restricting bid invitations so that only plaintiff's competitor could comply. Defendant's evidence contradicting plaintiff's contentions showed a factual dispute, but did not show as a matter of law

*that defendant Patterson acted within her authority. G.S. 143-52, N.C. Rule of App. Proc. 28(a).*

APPEAL by plaintiff and defendants from *Bailey, Judge.* Order entered 1 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 7 January 1985.

Plaintiff is an unsuccessful bidder on State contracts for computer hardware and software. Its complaint alleges that defendant Patterson, then Secretary of the Department of Administration, intentionally set bid specifications so restrictively that only one manufacturer could meet them, thereby rendering the bidding noncompetitive in violation of G.S. 143-52. Plaintiff claimed that defendants' actions constituted an unfair and deceptive trade practice under G.S. 75-1.1. It asked the trial court to issue a preliminary injunction and to set aside the contracts.

A hearing was held on plaintiff's motion for a preliminary injunction and on defendants' motions to dismiss pursuant to G.S. 1A-1, Rules 12(b)(1) and (2), 12(b)(6), 12(h)(3), and 21. The trial court denied plaintiff's motion for preliminary injunction. It further denied defendants' motions to dismiss with respect to the first and third claims, which asked to enjoin and set aside the contracts, on the grounds that sovereign immunity did not bar these claims. However, the trial court dismissed the second claim, which was brought under G.S. 75-1.1 and related statutes, on the grounds that G.S. 75-1.1 does not apply to the State. All parties appealed.

*Morgan, Bryan, Jones & Johnson, by Robert B. Morgan, James M. Johnson and John M. Phelps, II, for plaintiff appellant and appellee.*

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney Generals H. Al Cole, Jr., and T. Buie Costen, Assistant Attorney Generals Fred R. Gamin and R. Andy Giles, Jr., and Associate Attorney General Victor H. E. Morgan, Jr., for defendant appellant and appellee Jane Patterson.*

*Chief Counsel T. S. Whitaker and Staff Attorney Donald R. Teeter for defendant appellant and appellee Glenn Jernigan.*

WEBB, Judge.

At the outset we note that the judgment of the Superior Court did not dispose of all claims and is interlocutory. In our discretion we shall dispose of the appeal.

The complaint alleges violations of G.S. 143-52 by defendant Patterson; it fails to allege any actions by defendant Jernigan that could possibly be a violation of that statute or otherwise give rise to a cause of action against him. Thus, the case must be remanded for dismissal of all claims against defendant Jernigan pursuant to his G.S. 1A-1, Rule 12(b)(6) motion.

[1] Plaintiff contends the trial court erred in dismissing its claim under G.S. 75-1.1 for lack of jurisdiction. Although plaintiff argues that sovereign immunity should not bar its G.S. 75-1.1 claim, we perceive another basis for affirming the trial court's dismissal of this claim. The consumer protection and antitrust laws of Chapter 75 of the General Statutes do not create a cause of action against the State, regardless of whether sovereign immunity may exist. G.S. 75-16 authorizes a civil action by a person or business who has been injured in violation of Chapter 75 against the "person, firm, or corporation" causing the injury. The State of North Carolina is not a "person, firm, or corporation" within the meaning of G.S. 75-16, so plaintiff has not stated a claim against the State for which relief can be granted. "When the defendants act in their official capacity, it is the State acting." *Microfilm Corp. v. Turner*, 7 N.C. App. 258, 263, 172 S.E. 2d 259, 263, *cert. denied*, 276 N.C. 497 (1970). Thus, the G.S. 75-1.1 claim against defendants in their official capacity must be dismissed pursuant to G.S. 1A-1, Rule 12(b)(6).

Nor does a G.S. 75-1.1 claim lie against defendant Patterson in her individual capacity. Whether or not defendant Patterson exceeded her statutory authority, she acted as a representative of the State when dealing with plaintiff. The subject of this action relates to her acts in awarding State contracts. Plaintiff has alleged the violation of statutory duties by defendant Patterson, but it has not alleged any fraudulent, corrupt, or otherwise tortious conduct on her part. In this context plaintiff's complaint fails to state a claim for which relief can be granted under G.S. 1A-1, Rule 12(b)(6). The whole thrust of G.S. 75-1.1 as applied by North Carolina courts has been to afford protection from unethi-

cal acts by businesses or business persons, not to allow claims against state employees purchasing or leasing equipment for the State.

> In an area of law such as this, we would be remiss if we failed to consider also the overall purpose for which this statute was enacted. The commentators agree that state statutes such as ours were enacted to supplement federal legislation, so that *local business interests* could not proceed with impunity, secure in the knowledge that the dimensions of their transgression would not merit federal action.

*Marshall v. Miller,* 302 N.C. 539, 549, 276 S.E. 2d 397, 403 (1981) (emphasis added).

[2] Defendants contend the trial court erred in not dismissing the first and third claims, in which plaintiff sought to enjoin performance of the contracts and set aside the contracts due to defendant Patterson's alleged violation of G.S. 143-52, on the grounds that sovereign immunity barred the claims. They maintain that they acted in their capacity as representatives of the State and therefore are entitled to the defense of sovereign immunity as set forth in *Electric Co. v. Turner,* 275 N.C. 493, 168 S.E. 2d 385 (1969). *Electric Co.* involved a suit by an unsuccessful bidder against the state officials responsible for awarding state contracts. The Supreme Court held that plaintiff's claim was barred by sovereign immunity since "[e]vidence is lacking that the State officers acted either corruptly, or in violation of law, or in excess of authority." *Id.* at 497, 168 S.E. 2d at 388. The present case must be distinguished. Plaintiff's complaint raises factual issues as to whether defendant Patterson exceeded her authority and violated G.S. 143-52 by a pattern of awarding state computer contracts to one company, by deciding to award the contracts in question to plaintiff's competitor before bid invitations ever issued, and by restricting bid specifications so that only plaintiff's competitor could comply with them. This complaint falls within the rule summarized in *Lewis v. White,* 287 N.C. 625, 216 S.E. 2d 134 (1975), that when the pleadings allege that state officials have acted in excess of their authority or in violation of the law to the injury of plaintiff, then the state officials are not entitled to a dismissal based on sovereign immunity. *Lewis,* at 643-44, 216 S.E. 2d at 146, quotes *Teer v. Jordan,* 232 N.C. 48, 51, 59 S.E. 2d 359, 362 (1950), for the rule that,

"While the activities of governmental agencies engaged in public service imposed by law ought not to be stayed or hindered merely at the suit of an individual who does not agree with the policy or discretion of those charged with responsibility, the right of a citizen and taxpayer to maintain an action in the courts to restrain the unlawful use of public funds to his injury cannot be denied."

Defendants argue that the constitutional doctrine of separation of powers is the source of a sovereign immunity defense for state officials acting within the discretionary limits of their authority. However, as stated above, plaintiff has overcome the obstacle of sovereign immunity through its allegations that defendant Patterson did not act within her discretion but instead exceeded her authority. Even though she had authority under G.S. 143-52 to set bidding specifications and rules, she did not have the authority to subvert the statutory competitive bidding process by making it noncompetitive. This holds true even if defendant Patterson could have entered into contracts under G.S. 143-53(5) without competitive bidding since she in fact availed herself of the competitive bidding process under G.S. 143-52.

Defendants further argue that the defense of sovereign immunity raises an issue of subject matter jurisdiction, and therefore this Court may look beyond the mere allegations of the complaint. *Eller v. Coca-Cola Co.*, 53 N.C. App. 500, 281 S.E. 2d 81 (1981) and *Tart v. Walker*, 38 N.C. App. 500, 248 S.E. 2d 736 (1978), cited by defendants, hold that courts may consider matters outside the pleadings in determining subject matter jurisdiction. Our Supreme Court has expressly declined to decide whether sovereign immunity relates to subject matter jurisdiction or personal jurisdiction, *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327-28, 293 S.E. 2d 182, 184 (1982), but in either event we have reviewed the entire record, not just the pleadings.

The record matters argued by defendants provide a persuasive defense of their actions but fall short of irrefutably establishing that defendant Patterson acted completely within her statutory authority. Defendants point out that the items described in the bid invitations were representative or illustrative, not binding. They contend the bid specifications were restricted only to the extent necessary to insure that the new equipment

would be compatible with the existing central system. Defendants note that there were several competitors bidding on the contracts that plaintiff failed to win, and that similar contracts in the past had been awarded to several different vendors. This evidence tends to contradict plaintiff's allegations and affidavits to the effect that defendant Patterson was predisposed to buy IBM products and structured the bid invitations so as to give an unfair advantage to IBM. In contradicting plaintiff's contentions, defendants have, at this stage of the proceedings, shown a factual dispute. They have not shown as a matter of law that defendant Patterson acted within her authority. Thus we cannot hold as a matter of law that defendant Patterson is entitled to sovereign immunity. As stated in *Lewis, supra,* at 645, 216 S.E. 2d at 147, "When given the opportunity to present its evidence in support of its allegations, plaintiff may or may not 'get to first base,' but it is entitled to its turn at bat. . . ."

Plaintiff has failed to argue any error in the denial of its motion for a preliminary injunction, so that issue has been abandoned and will not be reviewed by this Court. N.C. Rule of App. Proc. 28(a).

We affirm the denial of the motions to dismiss the first and third claims except as to the defendant Jernigan. We affirm the dismissal of the plaintiff's second claim.

Reversed in part; affirmed in part.

Judges WHICHARD and MARTIN concur.