REA CONSTRUCTION CO. v. CITY OF CHARLOTTE

[121 N.C. App. 369 (1996)]

REA CONSTRUCTION COMPANY, Plaintiff v. THE CITY OF CHARLOTTE, Defendant

No. COA94-1374

(Filed 2 January 1996)

**Unfair Competition or Trade Practices § 6 (NCI4th)— unfair and deceptive trade practices—no action against city**

A claim for unfair and deceptive trade practices under N.C.G.S. § 75-1.1 may not be brought against a city.

**Am Jur 2d, Consumer and Borrower Protection § 285; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Scope and exemptions of state deceptive trade practice and consumer protection acts. 89 ALR3d 399.**

Appeal by plaintiff from order entered 28 September 1994 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 September 1995.

*Johnston, Taylor, Allison & Hord, by Steele B. Windle, III, Gary J. Welch, and Bret P. Holmes, for plaintiff-appellant.*

*Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill, for defendant-appellee.*

LEWIS, Judge.

This appeal arises from a dispute between a contractor and the City of Charlotte over the construction of a road extension.

In June 1989, Rea Construction Company ("Rea") and the City of Charlotte ("the City") entered into a contract for construction of an extension to Westinghouse Boulevard in Charlotte. In January 1992, Rea filed this suit against the City for breach of contract, or in the alternative, for recovery in *quantum meruit* and *quantum valebant*. By subsequently filed Amended Complaint, Rea added claims for estoppel and unfair and deceptive trade practices. The City answered both complaints.

All disputes in the action, except for the unfair and deceptive trade practices claim, were submitted to and resolve through binding arbitration. On 14 September 1994, the City moved for summary judgment on Rea's unfair and deceptive trade practices claim. By order

entered 28 September 1994, Judge Robert M. Burroughs granted summary judgment in favor of the City. Rea appeals.

The dispositive issue on this appeal is whether a claim for unfair and deceptive trade practices under N.C.G.S. section 75-1.1 *et seq.* ("Chapter 75") may be brought against a city. We have previously held that

> [t]he consumer protection and antitrust laws of Chapter 75 of the General Statutes do not create a cause of action against the State, regardless of whether sovereign immunity may exist.

*Sperry Corp. v. Patterson*, 73 N.C. App. 123, 125, 325 S.E.2d 642, 644 (1985). "An incorporated city or town is an agency created by the State." *State v. Furio*, 267 N.C. 353, 356, 148 S.E.2d 275, 277 (1966); *see* generally N.C.G.S. Chapter 160A (1994) (granting powers to cities and towns*)*. Thus, in accord with *Sperry*, we hold that, as an agency of the State, a city may not be sued under Chapter 75. The trial court did not err in granting summary judgment to the City.

Affirmed.

Judges EAGLES and JOHN concur.