FRED C. CLODFELTER, SR. v. R. L. BATES and RUBY BATES, JIM PEACOCK and LOUISE PEACOCK, NED BEEKER and MARY BEEKER, WILLIAM McCORMICK and BETTY SUE McCORMICK, BOBBY JOE CLODFELTER and AMY CLODFELTER, and FRED CLODFELTER CONSTRUCTION, INC., and R. L. BATES, Trustee

No. 7922SC287

(Filed 4 December 1979)

1. **Attorneys at Law § 5.2— malpractice action—statute of limitations**

An action against an attorney for negligence in advising plaintiff to transfer his property to his children to avoid his second wife's claim against him for alimony was barred by the statute of limitations where all actions of defendant attorney involving the transfer of plaintiff's property were beyond the four year limit of G.S. 1-15(c) for malpractice actions based on discovery of latent damage.

2. **Contracts § 34— alleged interference with contract—summary judgment for defendant**

Summary judgment was properly entered for defendant attorney in an action to recover damages for alleged interference with a contract by plaintiff's children to reconvey property to plaintiff where there was no evidence that defendant intentionally induced the children not to perform the alleged contract with plaintiff.

3. **Fraud § 7— constructive fraud by attorney—insufficient evidence**

The evidence on motion for summary judgment failed to present an issue as to constructive fraud by defendant attorney in failing to advise plaintiff of the danger in executing fee simple deeds to his children and then attempting to engraft parol trusts on the properties conveyed and in making outright transfers of personalty where it showed that the conveyances and transfers were made to avoid an alimony claim against plaintiff by his second wife, and that defendant informed plaintiff of the need for a reconveyance or retransfer in order for him to get his property back.

4. **Fiduciaries § 1; Fraud § 10— parent and child—no presumption of fraud**

The family relationship of parent and child is not a fiduciary one and does not raise a presumption of fraud or undue influence.

5. **Trusts § 13— conveyances to children—alleged breach of contract to reconvey**

Summary judgment was properly entered for defendants in plaintiff's action for breach of contract to reconvey property to him where the evidence showed that the subject of reconveyance was discussed by the parties but that defendants neither agreed to nor objected to a reconveyance. Furthermore, plaintiff's claim based on the conveyance of real property to defendants with retention of a life estate was barred by the statute of frauds, G.S. 22-2, and by the prohibition against engrafting a parol trust in favor of the grantor of a warranty deed.

---

---

APPEAL by plaintiff from *Hairston, Judge*. Judgment entered 3 November 1978 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 15 November 1979.

This is an action for damages and the recovery of property plaintiff had transferred to defendants. It was brought by a father against his children and their spouses and against the attorney, also a son-in-law, who advised the transfer. The case comes to us on the granting of summary judgment for all defendants following extensive discovery. From the depositions, interrogatories and requests for admissions found in a record of some 1287 pages and the exhibits, the material facts of the case are the following.

Plaintiff was sixty-seven years old at the time this action was commenced on 3 February 1977. Although he reached only the sixth grade in his formal schooling, he has been quite successful in his business endeavors, having made a profit in each endeavor save one in which he broke even. These endeavors included running a service station, a saw mill, a dairy farm and, beginning in 1951, a grading business. He also accumulated sizeable amounts of realty.

Plaintiff was married in 1931 to Minnie Biesecker, who died in 1965. All plaintiff's children were born of this marriage.

On 28 August 1968, plaintiff married Ruth Koontz. Defendant attorney Beeker had advised plaintiff to enter into a prenuptial agreement with Ruth Koontz about the rights of each in the property of the other and such a contract was made. Attorney Beeker did not prepare the agreement but instead had plaintiff see Hiram Ward, then a practicing attorney, who drafted the agreement. Problems soon arose in this second marriage which culminated in a separation and an action for alimony which was brought in August, 1971.

The second wife's attorney had been in contact with plaintiff by letter since September, 1970. Plaintiff brought the letters to attorney Beeker who advised him in late June, 1971 that an action for alimony would be brought. He further advised that there was no guarantee that the prenuptial agreement would bar the alimony claims. Plaintiff expressed a desire to "dodge" his wife's claims. Attorney Beeker suggested that this might be accomplished by plaintiff transferring all his assets to his children.

A meeting was held attended by plaintiff and some of his children and their spouses. It was agreed that plaintiff would equally divide and transfer his property, including land, cash and stock in the Fred Clodfelter Construction Company, Inc., to his children. R. L. Bates was to serve as trustee for some of the children and attorney Beeker was to prepare all the papers. The children present were told the purpose of the transfer but none promised to transfer the property back to plaintiff once his marital problems were solved. The children present understood they were to return the cash on request from plaintiff but that nothing was said about the other property. It was, however, plaintiff's understanding that the children would "sign it back" on request once he was divorced.

The following property transfers were accomplished on or about 1 July 1971. Plaintiff's real property was conveyed subject to his life estate to his four daughters outright and to a trust for his two sons. The effect of the deeds and the trust agreements was to give each child a one-sixth undivided interest in the real property subject to his life estate. Ruby Bates, Louise Peacock and Mary Beeker, daughters of plaintiff, each received outright $7,000.00 in cash and 537 shares of stock in Fred Clodfelter Construction Company, Inc. Plaintiff's other daughter and his two sons received identical amounts of cash and stock in trust. Plaintiff conveyed substantial portions of personal property to the incorporated grading business. Plaintiff gave attorney Beeker $10,000.00 of which $2,500.00 represented the fee for drafting the property transfer documents and for representing plaintiff in the alimony action. The remaining $7,500.00 was placed in trust to be used if needed should the divorce litigation become protracted. Plaintiff executed a will a few days after the property transfers were made willing his property to his children in the same proportions as those found in the inter vivos instruments.

Plaintiff began working as a salaried general manager of the Fred Clodfelter Construction Company, Inc., on 10 July 1971. Plaintiff had run the company as a sole proprietorship until it was incorporated in October, 1969 on the advice of attorney Beeker. The motivation for incorporation was a desire to hold certain property in a manner which would avoid any cloud on the title of the property due to the failure or refusal of his second wife to

sign a deed. The corporation was set up to own the property and thereby avoid the wife.

A voluntary dismissal was taken in the wife's action for alimony on 15 November 1972. An absolute divorce was entered on 21 May 1975 in a separate action brought by plaintiff with attorney Beeker representing plaintiff on a $217.00 fee. In January, 1973, at plaintiff's request, the three children who received outright transfers of personalty and the trustee for the other three returned to plaintiff the cash in the amount of $7,000.00 each had received. Attorney Beeker also returned the $7,500.00 held in his trust account at that time.

Plaintiff began seeing another lady in 1974 and they were engaged one year later in August, 1975. Six or eight months later, plaintiff requested the reconveyance of the property he had given his children. Plaintiff contacted attorney Beeker in April, 1976 about his children returning his equipment and realty. Attorney Beeker told him to go and talk to his children. At a meeting of the shareholders of the grading business which was attended by some of the children and their spouses on 13 April 1976, plaintiff demanded all his property be returned. Plaintiff did talk to some of them individually. Daughter Mary Beeker agreed to return the land if certain realty would pass to her son should she predecease her father. Freddie Clodfelter agreed to return the property. Louise Peacock at first agreed to return the property and then refused. Betty Sue McCormick and Bobby Clodfelter never agreed to return the property. Plaintiff never contacted R. L. or Ruby Bates about returning the property they held outright or that he held in trust. Attorney Beeker wrote plaintiff a letter on 11 May 1976 in which he said in part, "I have advised my wife, and some others, that if this re-conveyance (sic) to you of the corporate stock is made by each of the children to you (as you are requesting) then they could become responsible for that portion of the total gift taxes that may be due which of course in this instance would be a one-sixth interest." Attorney Beeker also wrote the Department of Motor Vehicles as counsel for the grading company to stop plaintiff from transferring vehicle titles from the corporation back to himself.

This action was brought on 3 February 1977, and summary judgment was entered for all defendants. Plaintiff appeals.

*Billings, Burns and Wells, by Donald R. Billings and Rhoda B. Billings, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by H. Grady Barnhill, Jr., and W. G. Champion Mitchell, for defendant appellee, Ned Beeker.*

*Stoner, Bowers and Gray, by Bob W. Bowers, for defendant appellees, R. L. Bates, Ruby Bates, Mary Beeker, Louise Peacock, Jim Peacock, Bobby Joe Clodfelter, Amy Clodfelter, Betty Sue McCormick and William McCormick.*

VAUGHN, Judge.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). If a defendant moves for summary judgment, he assumes the burden of producing evidence of the necessary certitude which negatives plaintiff's claim. The burden of proof is reversed from what it would be if the case were at the trial stage. *Tolbert v. Tea Company*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). Defendants must show (1) there is no genuine issue as to any material fact and (2) the movant is entitled to judgment as a matter of law. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). If defendants clearly establish that there is no genuine issue as to the nonexistence of material facts which are necessary as an essential element of any cause of action against them, then they are entitled to summary judgment on that action.

*Summary Judgment for Defendant Attorney Beeker.*

Plaintiff's complaint against defendant attorney Beeker alleges claims for negligence (attorney malpractice), constructive fraud, interference with contract and breach of fiduciary duty. Plaintiff's own deposition contains evidence which refutes an essential element to each and every one of these claims. Summary judgment was proper for defendant attorney Beeker.

[1] We need not reach the merits of the attorney malpractice claim for it is barred by the statute of limitations. This claim for attorney malpractice is based upon the contract of defendant

Beeker with plaintiff to represent plaintiff in the defense of his second wife's action for alimony and his allegedly negligent advice to transfer his property to his children to avoid her claim against him for support. For actions filed on or after 1 January 1977, the statute of limitations for professional malpractice actions is found in G.S. 1-15(c) which provides, in part, that

> "a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is . . . economic or monetary loss . . . which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action. . . ."

This action was brought on 3 February 1977. In applying G.S. 1-15(c), we must find some action by defendant attorney Beeker after 3 February 1973 related to the transfer of property. The transfer of property to "dodge" a threatened action for alimony was advised by Beeker in the latter part of June, 1971 and the actual transfer of property occurred on 1 July 1971. It is at this point that Beeker allegedly injured plaintiff. Plaintiff's wife commenced an action for alimony on 6 August 1971 which was voluntarily dismissed on 15 November 1972. On 3 January 1973, defendant Beeker returned the $7,500.00 held in trust should the litigation become protracted and expensive thus keeping a $2,500.00 fee for handling the litigation and drafting the instruments transferring the property. The date of the transfer, the time of litigation and the time of payment are all beyond the four year limit for malpractice actions based on discovery of latent damage. Defendant did represent the Fred C. Clodfelter Construction Company, Inc. beyond this point and did represent plaintiff in

Clodfelter v. Bates

a separate action for absolute divorce from the second wife instituted in 1975 on which judgment was rendered for plaintiff on 21 May 1975. Plaintiff paid defendant Beeker $217.00 for representation in this matter. Plaintiff discovered in mid April, 1976 that his children would not reconvey the property defendant Beeker had advised he convey to them. Assuming the last allegedly negligent act was the return of trust monies on 3 January 1973, the latent discovery provision of G.S. 1-15(c) would allow plaintiff to bring an action on or before 3 January 1977 for attorney malpractice. His claim filed on 3 February 1977 is, therefore, barred.

[2]  Plaintiff's complaint also states with sufficient particularity a second cause of action against attorney Beeker for interference with contract. To recover for such a cause of action, plaintiff must show (1) that a contract existed between plaintiff and a third person, (2) that defendant had knowledge of plaintiff's contract with a third person, (3) that defendant intentionally induced the third person not to perform his contract with plaintiff, (4) that in so doing defendant acted without justification and (5) that defendant's acts caused plaintiff actual damages. *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176 (1954), *rehearing denied*, 242 N.C. 123, 86 S.E. 2d 916 (1955). Summary judgment was appropriate for defendant attorney Beeker because he has met his burden by demonstrating that there is no material issue of fact on the third element of the claim. Even assuming there was a contract to reconvey on the part of the children, there is no evidence that Beeker intentionally induced the children not to perform the alleged contract with their father. The individual defendants when asked upon deposition testified that Beeker never intervened nor interfered with any plans they had to reconvey to their father. Beeker himself denied such interference. Plaintiff admitted in his own deposition that he had no actual knowledge of any such interference. All plaintiff has offered is an assumption that Beeker did so because "Somebody done it." Beeker did advise his wife "and some others" of possible gift tax consequences on a reconveyance but did not expressly suggest they not so convey. Plaintiff has not provided competent evidence to the contrary beyond his mere allegations and summary judgment was appropriately granted. *Gudger v. Furniture, Inc.*, 30 N.C. App. 387, 226 S.E. 2d 835 (1976).

[3] Plaintiff also alleges a cause of action for constructive fraud against Beeker.

> "These essential elements must appear in order to establish actionable fraud: '(1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) and which does in fact deceive; (5) to the hurt of the injured party'. . . . Where a relation of trust and confidence exists between the parties, 'there is a duty to disclose all material facts, and failure to do so constitutes fraud.' "

*Vail v. Vail*, 233 N.C. 109, 113-14, 63 S.E. 2d 202, 205-06 (1950) (citations omitted). Plaintiff argues that because of the attorney-client relationship, which is a relationship of trust and confidence, there is fraud because attorney Beeker did not inform plaintiff of the danger in executing fee simple deeds and then attempting to engraft a parol trust and in making outright transfers or gifts of personalty. Plaintiff on deposition testified that he does not believe that it was attorney Beeker's plan to intentionally cheat him out of his property or to intentionally give him improper advice. Plaintiff's deposition further reveals that it was his intention to defraud or "dodge" his second wife from any rights in his property and that it was for this purpose that the transfers to the children were made with Beeker's assistance. Plaintiff's understanding from Beeker was that the children would "sign it back" after the divorce or whenever he wanted it. The problem arose when they would not "sign it back." This evidence of plaintiff that attorney Beeker told him his children would have to "sign it back" is sufficient indication that Beeker did not fail to disclose the material facts plaintiff alleges were not disclosed. He apparently made plaintiff aware of the need for a reconveyance or retransfer in order to get his property back. He did not lead plaintiff to believe he would get the property back automatically once he was divorced. Summary judgment was proper. *See McLain v. Insurance Co.*, 224 N.C. 837, 32 S.E. 2d 592 (1945).

By the same token, no breach of fiduciary duty or conflict of interest is shown. The alimony action was dismissed in late 1972 and all retainers returned in early 1973. The divorce action was concluded in May, 1975 and a separate fee paid for those services. When plaintiff again came to defendant Beeker in the spring of

1976, seeking the return of his property, Beeker told him to contact the children about reconveyance. Beeker's subsequent activity was as counsel for the company. In May of 1976, Beeker advised plaintiff to seek the advice of counsel. There was no conflict of interest or breach of fiduciary duty. Beeker's legal representation of plaintiff was in two separate actions. Conflict of interest is not sufficiently pled nor is there any evidence offered by plaintiff to contradict or question the evidence of defendant Beeker that he was acting only as counsel for the company at the time a conflict of interest is alleged. *See Murphy v. Edwards and Warren*, 36 N.C. App. 653, 245 S.E. 2d 212, *cert. den.*, 295 N.C. 551, 248 S.E. 2d 728 (1978). Summary judgment on these claims was proper.

*Summary Judgment for Defendant Children and their Spouses.*

Plaintiff's complaint states causes of action against his children and their spouses for breach of fiduciary duty and breach of an agreement to reconvey. Summary judgment for various reasons was appropriate for all these defendants.

[4] The children and their spouses, particularly son-in-law R. L. Bates as trustee for three of the children, did not breach any fiduciary duty owed to plaintiff. The family relationship of parent and child is not a fiduciary one. It does not raise a presumption of fraud or undue influence. *Davis v. Davis*, 236 N.C. 208, 72 S.E. 2d 414 (1952). Plaintiff has presented no evidence that there was a fiduciary relationship with his children or their spouses except for Beeker whose fiduciary relationship as attorney has already been dealt with and Bates who was trustee for three of the children. Plaintiff testified that Bates did not participate in the drawing or setting up of the trusts. He simply performed his trust duties. He did not breach them.

[5] On plaintiff's claim that these defendants breached a contract to reconvey allegedly entered into at the meeting in late June of 1971 before the transfers were made, we first note that defendant Bill McCormick was not married to plaintiff's daughter, Betty, defendant Bobby Joe Clodfelter was a minor and was not married to defendant, Amy Clodfelter. Betty McCormick was not present at the meeting. There could be no agreement by these parties. The remaining defendants, R. L. Bates, Ruby Bates, Louise

Peacock, Jim Peacock and Mary Beeker who attended the June, 1971 meeting testified that the subject of reconveyance was discussed but they did not agree to it nor did they object. This is all that the evidence presents in a light most favorable to plaintiff. With this evidence, defendants have met their burden and shown that no contract to reconvey exists. Clearly, no agreement was reached. We further note that any claim plaintiff has based on the conveyance of his real property to his children retaining a life estate in himself is barred by the statute of frauds, G.S. 22-2, and the prohibition against engrafting a parol trust in favor of the grantor of a warranty deed. *Walker v. Walker*, 231 N.C. 54, 55 S.E. 2d 801 (1949).

Plaintiff has not alleged a claim of fraud on the part of his children and the evidence does not show any definite and specific representation by the children which is materially false or any intent to defraud plaintiff.

Summary judgment for all defendants was appropriate and properly ruled on and entered by the presiding superior court judge. We have examined plaintiff's arguments for other causes of action and find them not properly pled and baseless.

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.