**COMMISSIONER, TEXAS DEPART-MENT OF HUMAN SERVICES, et al., Appellants,**

v.

**TRINITY COALITION, INC., Appellee.**

No. 08–88–00095–CV.

Court of Appeals of Texas, El Paso.

Oct. 21, 1988.

Rehearing Denied Nov. 16, 1988.

Jim Mattox, Atty. Gen., Edwin N. Horne, Asst. Atty. Gen., General Litigation Div., Austin, for appellants.

Eduardo N. Lerma, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from an order granting temporary injunction. We reverse.

Trinity had provided home day care services in the El Paso area under contracts with Texas Department of Human Services since 1975. In October of 1987, T.D.H.S. attempted to cancel the prevailing contract because of Trinity's alleged failure to meet staffing qualifications and other requirements. The trial court enjoined the cancellation. The contract expired under its own terms on December 31, 1987.

Trinity was refused bidding rights to the 1988 contract because of a purported unresolved audit exception (monies owed to T.D.H.S.) in the amount of $48,538.13. An unresolved audit exception is defined in the information screening instructions (T.D. H.S. TITLE XX DAY CARE, Request for Proposal Specifications, at 16) as an "exception for which the contractor has exhausted all administrative and judicial remedies and also refuses to comply with resulting written demands for payment from the Department". The amount determined to be owed was upheld by the T.D.H.S. departmental administrative appellate process. Demand for payment on the amount was made but not honored by Trinity. Trinity had put forth in its bidder's application form that the matter had been resolved with a negotiated payment plan. T.D.H.S. confuted this on the day of bidding, treated this statement as a refusal to pay, and invalidated Trinity's bid as being "non-responsive" as directed by T.D.H.S. Contract Administrative Handbook section 2142.11(13), created under the authority of Tex.Dept.Hum.Svcs., 40 Tex.Admin.Code, sec. 69.000, et seq (Hart Nov. 1, 1986). The statutory foundation for this precept was Tex.Rev.Civ.Stat.Ann. arts. 4350 (Vernon 1976), presently codified in Tex.Gov't.Code Ann. sec. 403.055 (Vernon Pamphlet 1988). This provides that no warrant shall be issued to any person, his agent or assignee, who is indebted to the state, until such debt is paid.

On March 28, 1988, the trial court voided the newly made contract with the Y.W. C.A., prohibited T.D.H.S. from classifying the audit matter as "unresolved" and the Trinity bid as "non-responsive." It further ordered the bidding process to be resumed.

A suit brought to control State actions or to subject the State to liability is not maintainable without legislative consent or statutory authorization. An entity or person whose rights have been violated by the unlawful action of a State official may bring suit to remedy the violation or prevent its occurrence, and such suit is not a suit against the State requiring legislative or statutory authorization. *Director, Of Department Of Agriculture And Environment v. Printing Industries Association of Texas,* 600 S.W.2d 264 (Tex.1980). In other words, an officer who ventures into an ultra vires act steps beyond the State's inviolable mantle, and becomes individually subject to corrective measures. An officer who acts within the State's laws, stays within that pavilion of immunity. Here, T.D.H.S. acted within its own delineated procedure in regulating the terms, bidding and acceptance of contracts for day

care services. This prerogative was properly delegated to it by the State.

Trinity alleges that it was deprived of property without due process of law in the bid refusal procedure. Pre-contract negotiations, expectations, prospects, or pursuits are not the vested property rights, benefits or interests which are constitutionally protected by procedural due process.

Trinity is attempting to compel a contractual relationship with the State. A suit against state officers with the purpose and effect of establishing the validity of a contract of the state, or to enforce through them the performance of a contract of the state, or to require acts to be performed by them which would impose contractual liabilities upon the state is a suit against the state. *W.D. Haden Company v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838 (1958). In absence of legislative consent, the suit is not maintainable.

The injunction decree is vacated and the case is reversed and remanded to the trial court with instructions to enter an order of dismissal in accordance with this opinion.