DARLENE H. MARLOWE AND SHUBBIN LETHA LANDEN, JR., PLAINTIFFS V. DEPUTY SHERIFF J.B. PINER, (INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY), DEFENDANT

No. 945SC691

(Filed 6 June 1995)

**1. Municipal Corporations § 444 (NCI4th)— claim against sheriff in official capacity—no showing of waiver of immunity by purchase of insurance—summary judgment improper**

Because defendant deputy sheriff as the moving party with the burden of proof failed to show that there was no genuine issue of material fact regarding insurance coverage and that he was entitled to judgment as a matter of law, he was not entitled to summary judgment in plaintiffs' false arrest action based on immunity as to the claims against him in his official capacity.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 37 et seq.**

**Validity and construction of statute or ordinance limiting the kinds or amount of actual damages recoverable in tort action against governmental unit. 43 ALR4th 19.**

**2. Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th)— claim against deputy sheriff in individual capacity—no showing of intentional injury—summary judgment proper**

In plaintiffs' action for false imprisonment against defendant deputy sheriff in his individual capacity, the trial court properly entered summary judgment for defendant where plaintiffs' evidence at most tended to show that defendant negligently believed he had probable cause to arrest plaintiffs, and plaintiffs made no forecast of evidence which would tend to show that defendant intended his actions to be prejudicial or injurious to them.

**Am Jur 2d, Sheriffs, Police, and Constables § 155.**

**3. Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th)— claim against deputy sheriff in official capacity—issue as to existence of probable cause—summary judgment improper**

The trial court in an action for false imprisonment erred in entering summary judgment for defendant in his official capacity

MARLOWE v. PINER

[119 N.C. App. 125 (1995)]

where there was a genuine issue of fact as to whether probable cause existed for the arrests.

**Am Jur 2d, Sheriffs, Police, and Constables § 155.**

Judge GREENE dissenting in part and concurring in part.

Appeal by plaintiffs from order signed 31 January 1994 and filed 2 February 1994 by Judge Napoleon B. Barefoot in New Hanover County Superior Court. Heard in the Court of Appeals 22 March 1995.

*Jackson & Rivenbark, by Bruce H. Jackson, Jr. and M. Troy Slaughter, for plaintiffs-appellants.*

*Van Camp, West, Hayes & Meacham, P.A., by Thomas M. Van Camp, for defendant-appellee.*

LEWIS, Judge.

Plaintiffs commenced this action to recover damages alleged to have resulted from their false arrest and imprisonment by defendant. The trial court granted defendant's motion for summary judgment, and plaintiffs appeal.

On 18 March 1992 at approximately 7:30 p.m., defendant, a deputy with the New Hanover County Sheriff's Department, responded to a call regarding a "mental subject." Defendant met with Doanie Walston, the husband of the "mental subject," at a gas station and followed Mr. Walston to his home. Mrs. Walston was intoxicated and had driven her car through the family's garage door in a fit of anger. After defendant and Mr. Walston arrived at the Walston residence, Mr. Walston took his young son next door, to the home of plaintiff Shubbin Landen, Jr. Mrs. Walston then ran to Mr. Landen's home, and defendant followed her inside. At this time, Mr. and Mrs. Landen and their neighbor, plaintiff Darlene Marlowe, were also in the home.

In the Landen home, the Walstons began to push and shove each other. Mr. Landen began yelling at defendant demanding he remove the Walstons from his home. The parties' accounts differ hereafter. Mr. Landen contends that he had raised his hand to point toward the door and was lowering it when defendant walked toward him, causing the back of Mr. Landen's fingers to make contact with defendant's chest. Defendant then informed Mr. Landen that he was under arrest for assaulting an officer. Defendant contends that as he was trying to

calm the Walstons, Mr. Landen shoved him lightly on his right arm with the palm of his hand.

Mrs. Marlowe contends that upon hearing defendant place Mr. Landen under arrest, she lightly touched her hand to defendant's forearm to get his attention and asked defendant why he was arresting Mr. Landen. Defendant contends that Mrs. Marlowe screamed at him and shoved him lightly, with the "heel of her hand" contacting his right forearm. Thereafter, defendant placed Mrs. Marlowe under arrest for assaulting an officer. Plaintiffs were tried for these offenses and were found not guilty. Later, they instituted this action against defendant.

On appeal, plaintiffs contend that the trial court erred in granting summary judgment for defendant. Defendant contends that he is immune from suit and that summary judgment was therefore properly granted.

[1] Plaintiffs commenced this suit against defendant in both his official and individual capacities. We first address the claim against defendant in his official capacity. Plaintiffs contend that defendant is not immune in his official capacity because New Hanover County has purchased liability insurance, thereby waiving governmental immunity.

A county may waive its immunity by purchasing liability insurance to the extent of the insurance coverage. N.C.G.S. § 153A-435(a) (1991). Plaintiffs alleged in their complaint that New Hanover County had a policy of insurance which covered suits for false arrest and imprisonment and that to the extent of that coverage, the county had waived governmental immunity. In his answer, defendant admitted that the county had an insurance policy at the time in question, but denied the allegations regarding the coverage of the policy. Neither side offered the insurance policy as evidence at the hearing on summary judgment. Defendant contends that his denial of the allegations as to coverage in his answer was sufficient to shift the burden at summary judgment to plaintiffs to produce the policy. We disagree.

Regardless of who has the burden of proof at trial, upon a motion for summary judgment the burden is on the moving party to establish that there is no genuine issue of fact remaining for trial and that he is entitled to judgment as a matter of law. *First Federal Sav. & Loan Ass'n v. Branch Banking & Trust Co,* 282 N.C. 44, 51, 191 S.E.2d 683, 688 (1972). Thus, a defendant moving for summary judgment assumes

the burden of producing evidence of the necessary certitude which negatives the plaintiff's claim. *Clodfelter v. Bates*, 44 N.C. App. 107, 111, 260 S.E.2d 672, 675 (1979), *disc. review denied*, 299 N.C. 329, 265 S.E.2d 394 (1980). Until the moving party makes a conclusive showing, the non-moving party has no burden to produce evidence. *Virginia Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). Here, defendant had the burden as the moving party to produce evidence showing the lack of insurance coverage, and defendant came forth with no such evidence even though the county had the policy and could easily have produced it. Because defendant failed to show that there was no genuine issue of material fact regarding insurance coverage and that he was entitled to judgment as a matter of law, defendant was not entitled to summary judgment based on immunity as to the claims against him in his official capacity.

[2]	We next address the claims against defendant in his individual capacity. The general rule is that a public official is immune from personal liability for mere negligence in the performance of his duties, but is not immune if his actions were corrupt or malicious or if he acted outside and beyond the scope of his duties. *Slade v. Vernon*, 110 N.C. App. 422, 428, 429 S.E.2d 744, 747 (1993). A deputy Sheriff in the performance of his investigative and arrest duties is a "public official." *See Messick v. Catawba County*, 110 N.C. App. 707, 718, 431 S.E.2d 489, 496, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993).

In the instant case, plaintiffs contend that defendant's actions were malicious. "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Grad v. Kaasa*, 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984). An act is wanton when it is done of wicked purpose, or when it is done needlessly, manifesting a reckless indifference to the rights of others. *Id.* at 313, 321 S.E.2d at 891. Plaintiffs have made no forecast of evidence which would tend to show that defendant intended his actions to be prejudicial or injurious to them. At most, plaintiffs' evidence tends to show that defendant *negligently* believed he had probable cause to arrest plaintiffs. Accordingly, summary judgment was properly granted for defendant as to the claims against him in his individual capacity.

**MARLOWE v. PINER**

[119 N.C. App. 125 (1995)]

**[3]** Despite our conclusion that a genuine issue of material fact exists as to the county's waiver of immunity, summary judgment for defendant in both capacities would still have been proper if defendant showed there was no genuine issue of material fact as to plaintiffs' claims of false arrest and imprisonment and that defendant was entitled to judgment as a matter of law.

False imprisonment is the illegal restraint of a person against his will. *Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993). A restraint is illegal if not lawful or consented to. *Id.* A false arrest is an arrest without legal authority and is one means of committing a false imprisonment. *Myrick v. Cooley*, 91 N.C. App. 209, 212, 371 S.E.2d 492, 494, *disc. review denied*, 323 N.C. 477, 373 S.E.2d 865 (1988). The existence of legal justification for a deprivation of liberty is determined in accordance with the law of arrest, which is set forth in Chapter 15A of the General Statutes. *Id.*

N.C.G.S. § 15A-401(b)(1) (Cum. Supp. 1994) provides that an officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed a criminal offense in the officer's presence. A warrantless arrest without probable cause is unlawful. *State v. Zuniga*, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984). Thus, the dispositive issue is whether defendant had probable cause to believe that plaintiffs had committed assaults upon him.

The existence or nonexistence of probable cause is a mixed question of law and fact. *Williams v. Boylan-Pearce, Inc.*, 69 N.C. App. 315, 319, 317 S.E.2d 17, 20 (1984), *aff'd per curiam*, 313 N.C. 321, 327 S.E.2d 870 (1985). If the facts are admitted or established, it is a question of law for the court. *Id.* However, if the facts are in dispute, the question of probable cause is one of fact for the jury. *Id.* In this case, the material facts surrounding the incident are in dispute, and therefore the existence or nonexistence of probable cause is for the jury to determine. Accordingly, defendant was not entitled to summary judgment on this ground.

For the reasons stated, the trial court's order of summary judgment is affirmed as to defendant in his individual capacity and reversed as to defendant in his official capacity, and the case is remanded to the trial court for further discovery or trial.

Affirmed in part, reversed in part, and remanded.

Judge MARTIN, Mark D. concurs.

MARLOWE v. PINER

[119 N.C. App. 125 (1995)]

Judge GREENE dissents in part and concurs in part.

Judge GREENE dissenting in part and concurring in part:

I agree with the majority that the plaintiffs' claims against the defendant in his individual capacity were properly dismissed by the trial court. I do not agree that the trial court improperly dismissed the plaintiffs' asserted claims against the defendant in his official capacity. For the reasons that follow, I would affirm the trial court in every respect.

In this case, the plaintiffs have been specific in their complaint in asserting claims for false arrest, false imprisonment and emotional distress against the defendant in both his official and individual capacities. Because the plaintiffs' designation in the complaint is not determinative of whether defendant is actually being sued in his individual or official capacity, it must first be determined in what capacity he has been sued. *See Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 279 (1993), *disc. rev. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994).

In determining whether a plaintiff has brought an action against a defendant in his official or individual capacity, it is important to consider both "the nature of the conduct giving rise to the action" and "the nature of the relief sought." 1 *Civil Actions Against State and Local Government, Its Divisions, Agencies, and Officers* § 1.16 (Shephard's Editorial Staff 1992) [hereinafter *Civil Actions*]; *see Oyler v. Wyoming*, 618 P.2d 1042, 1046 (Wyo. 1980) (whether suit is really against state "is to be determined . . . by the essential nature and effect of the proceeding, as it appears from the entire record) (*quoting In re State of New York*, 256 U.S. 490, 500, 65 L.Ed. 1057, 1062 (1920)). The nature of the conduct involved in the action determines in what capacity one *can be sued*. If the allegations in the complaint involve acts of a governmental employee or official performed within the bounds of their official duties and pursuant to their lawful authority, the defendant can only be sued in his official capacity which is treated as an action against the governmental entity employing the official or employee. *Smith v. State*, 289 N.C. 303, 332, 222 S.E.2d 412, 431 (1976); *Microfilm Corp. v. Turner*, 7 N.C. App. 258, 264, 172 S.E.2d 259, 263 (1970); *Electric Co. v. Turner*, 275 N.C. 493, 498, 168 S.E.2d 385, 388 (1969) (action is really against State where "record discloses that every act charged against any defendant was performed in his capacity as representative of the State"); *Texas Dep't*

*of Human Serv. v. Trinity Coalition, Inc.*, 759 S.W.2d 762, 763 (Tex. Ct. App. 1988) ("officer who acts within the State's laws, stays within that pavilion of immunity"), *cert. denied*, 493 U.S. 1020, 107 L. Ed. 2d 739 (1990); *Civil Actions* § 1.19. Therefore, in a suit brought against a governmental officer or employee in his official capacity, the same immunities available to the entity are available to him. *Dickens v. Thorne*, 110 N.C. App. 39, 45, 429 S.E.2d 176, 180 (1993).

If a plaintiff alleges in the complaint that the conduct of a governmental employee or official is illegal, wrongful, or in excess of the employee's or official's duties, the defendant can only be sued in his individual capacity. *Corum v. University of North Carolina*, 330 N.C. 761, 772, 413 S.E.2d 276, 283, *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664, *cert. denied*, —— U.S. ——, 121 L. Ed. 2d 431 (1992); *Taylor*, 112 N.C. App. at 607-08, 436 S.E.2d at 279; *Robinette v. Barriger*, 116 N.C. App. 197, 203, 447 S.E.2d 498, 502 (1994), *disc. rev. denied in part*, 339 N.C. 615, 454 S.E.2d 257 (1995); *Civil Actions* § 1.19; *Robb v. Sutton*, 498 N.E.2d 267, 270 (Ill. App. 1986) (legal official acts of State agents performed within bounds of official authority or duties are normally considered acts of State; illegal acts or acts in excess of delegated authority are against agent individually); *Texas Dep't of Human Serv.*, 759 S.E.2d at 763 ("officer who ventures into an ultra vires act steps beyond the State's inviolable mantle, and becomes individually subject to corrective measures").

The nature of the relief sought by a plaintiff shows how a particular defendant *has been sued*. If a judgment in favor of the plaintiff could operate to control the actions of the governmental entity or subject it to liability or directly and adversely affect its funds or property, the action is really one against the entity and not the individual defendant. *Civil Actions* §§ 1.17-.18; *see Robb*, 498 N.E.2d at 267; *Dugan v. Rank*, 372 U.S. 609, 620, 10 L. Ed. 2d 15, 23 (1963). If money damages are sought from the individual defendant, and not from the entity, the action is against the individual defendant and not the entity.

In this case, plaintiffs' only allegations in their complaint are that defendant engaged in illegal and wrongful conduct in that he "did not have probable cause, or any cause or reason whatsoever to arrest either [plaintiff]," and his actions were "totally unreasonable" and constituted "false arrest and false imprisonment." Defendant, therefore, can only be sued in his individual capacity. Furthermore, plaintiffs' prayer for relief shows that they are only seeking money dam-

ages from the pocket of the defendant, and there is nothing to indicate the county will somehow be adversely affected by a judgment in favor of plaintiffs. This action is therefore against defendant in his individual capacity. Accordingly, I would affirm the trial court's grant of summary judgment as to plaintiffs' alleged action against defendant "in his official capacity."

Having determined that plaintiffs' action is against defendant in his individual capacity, and because the defendant is a public official performing a discretionary act, the question then is whether plaintiffs have produced a forecast of evidence that defendant's actions went beyond mere negligence. *Smith,* 289 N.C. at 331, 222 S.E.2d at 430 (public official is immune from personal liability for mere negligence in performance of his duties, but is not immune if his actions were corrupt or malicious or if he acted outside of and beyond the scope of his duties); *Smith v. Hefner,* 235 N.C. 1, 7, 68 S.E.2d 783, 787-88 (1951) (qualified immunity for public officer sued in individual capacity does not extend to mere employee of governmental entity). Although plaintiffs allege in their complaint that defendant falsely arrested and imprisoned them and argue in their brief that defendant's conduct was somehow malicious, I agree with the majority that all of plaintiffs' allegations and evidence tend to show that, if anything, defendant's conduct on 18 March 1992 was akin to mere negligence. Plaintiffs therefore have failed to present a forecast of evidence that defendant engaged in any action that would rise to the level of malice, entitling defendant to summary judgment in these claims against him in his individual capacity.