RANDY L. HARWOOD v. AARON J. JOHNSON, SECRETARY OF THE NORTH
CAROLINA DEPT. OF CORRECTION, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
BRUCE B. BRIGGS, CHAIRMAN OF THE NORTH CAROLINA PAROLE COMMISSION,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; LOUIS R. COLOMBO, WANDA
J. GARRETT, JEFFREY T. LEDBETTER, AND A. LEON STANBACK, JR.,
MEMBERS OF THE NORTH CAROLINA PAROLE COMMISSION, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES; GWEN O. WILLIAMS, PAROLE CASE ANALYST,
IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; AND JAMES F. BAME, SUPERIN-
TENDENT OF THE ROWAN COUNTY PRISON UNIT, IN HIS OFFICIAL CAPACITY ONLY

No. 37PA89

(Filed 7 February 1990)

1. **State § 4.2 (NCI3d); Constitutional Law § 17 (NCI3d)— action
   by prisoner—failure to grant parole—sovereign immunity**

   Plaintiff could not bring a state action for money damages
   or a 42 U.S.C. § 1983 claim for money damages arising from
   the State's failure to release him on parole under N.C.G.S.
   § 15A-1371(f) against the Secretary of the Department of Cor-
   rection, the chairman and the members of the Parole Commis-
   sion, the Superintendent of the Rowan County Prison Unit,
   and his case analyst in their official capacities as public officials
   or a public employee. The state action was barred by sovereign
   immunity and state officials acting in their official capacities
   are not persons under 42 U.S.C. § 1983.

   **Am Jur 2d, Civil Rights §§ 17-21; Pardon and Parole
   §§ 10, 75, 86, 92, 95.**

HARWOOD v. JOHNSON

[326 N.C. 231 (1990)]

2. **Convicts and Prisoners § 2 (NCI3d); Constitutional Law § 17 (NCI3d)— action by inmate—failure to grant parole—claim stated against individual members of Parole Commission**

Plaintiff sufficiently stated a claim under 42 U.S.C. § 1983 alleging that the individual members of the Parole Commission acted under color of state law to deprive him of his liberty without due process of law by disregarding the mandate of N.C.G.S. § 15A-1371(f) with respect to the parole of prisoners.

**Am Jur 2d, Civil Rights §§ 17-21; Pardon and Parole §§ 10, 75, 86, 92, 95.**

3. **Jails and Jailers § 1 (NCI3d); Public Officers § 9 (NCI3d); Constitutional Law § 17 (NCI3d)— failure to grant parole— action against superintendent of prison unit, Secretary of Correction, case analyst—dismissed**

Plaintiff did not state a claim under 42 U.S.C. § 1983 against the Superintendent of the Rowan County Prison Unit, plaintiff's case analyst, or the Secretary of the Department of Correction in his individual capacity arising from the State's failure to grant him parole under N.C.G.S. § 15A-1371(f) because he did not sue the superintendent in his individual capacity; the case analyst had no authority to grant or deny parole and there was no allegation that she withheld information from the Commission or misled its members; and the duties of the Department of Correction do not include supervising the Parole Commission's granting or denying of paroles.

**Am Jur 2d, Civil Rights §§ 17-21; Pardon and Parole §§ 10, 75, 86, 92, 95.**

4. **Convicts and Prisoners § 2 (NCI3d); Constitutional Law § 17 (NCI3d)— failure to grant parole—action against Parole Commission as individuals—claims sufficient**

Plaintiff's complaint against the members of the Parole Commission as individuals for violations of 42 U.S.C. § 1983 in their failure to grant him parole under N.C.G.S. § 15A-1371(f) was sufficient to withstand a motion to dismiss.

**Am Jur 2d, Civil Rights §§ 17-21; Pardon and Parole §§ 10, 75, 86, 92, 95.**

5. **Jails and Jailers § 1 (NCI3d)— failure to grant parole— negligence claim against Secretary of Correction—dismissed**

Plaintiff's claim against the Secretary of Correction in his individual capacity for negligently supervising the Parole Commission in the denial of his parole under N.C.G.S. § 15A-1371(f) was properly dismissed because the Secretary of Correction had no duty to supervise the Commission's granting or denying of plaintiff's parole.

**Am Jur 2d, Penal and Correctional Institutions §§ 174-177, 189.**

6. **Public Officers § 9 (NCI3d)— failure to grant parole—negligence action against case analyst—dismissed**

Plaintiff did not state a claim against a case analyst for the Parole Commission arising from the denial of defendant's parole where plaintiff alleged that defendant misrepresented to him the actions of the Commission, but defendant had no authority to release plaintiff on parole; plaintiff did not allege how the misrepresentation to him caused his continued incarceration; and there was no allegation that defendant misled or withheld information from the members of the Commission who could authorize plaintiff's release.

**Am Jur 2d, Penal and Correctional Institutions §§ 174-177, 189.**

7. **State § 4.2 (NCI3d)— failure to grant parole—negligence claim—dismissed**

The plaintiff did not state a claim against the Chairman of the N.C. Parole Commission as an individual for failure to supervise other members of the Commission, or against other officials in their individual capacity arising from denial of his parole, because those public officials cannot be held individually liable for damages caused by mere negligence in the performance of their statutory duties.

**Am Jur 2d, Penal and Correctional Institutions §§ 174-177, 189.**

8. **False Imprisonment § 2 (NCI3d)— failure to grant parole— claims sufficiently alleged**

Plaintiff sufficiently stated a claim against members of the Parole Commission for false imprisonment where plaintiff

HARWOOD v. JOHNSON

[326 N.C. 231 (1990)]

alleged that defendants acted in accordance with a practice or policy to disregard the mandate of N.C.G.S. § 15A-1371(f) with respect to the parole of prisoners; that members of the Commission did not adhere to the mandate of N.C.G.S. § 15A-1371(f) on their own initiative or when they were notified by plaintiff; and that plaintiff was not released until approximately one month after a court order finding that plaintiff was not timely released in accordance with N.C.G.S. § 15A-1371(f) and ordering his immediate release.

**Am Jur 2d, False Imprisonment §§ 28, 32; Penal and Correctional Institutions §§ 176, 209, 210.**

ON appeal and discretionary review pursuant to N.C.G.S. §§ 7A-30, 7A-31 and 7A-32 from the decision of the Court of Appeals, 92 N.C. App. 306, 374 S.E.2d 401 (1988), affirming in part, reversing in part and remanding in part, the judgment of *Sitton, J.,* entered in the Superior Court, BUNCOMBE County. Heard in the Supreme Court 14 September 1989.

*Michael S. Hamden and Marvin Sparrow for North Carolina Prisoner Legal Services, Inc., plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Jacob L. Safron, Special Deputy Attorney General, for defendant-appellees.*

*William G. Simpson, Jr. for amicus curiae North Carolina Civil Liberties Union Legal Foundation.*

FRYE, Justice.

This is a civil action in which plaintiff seeks declaratory relief and money damages from various defendants for their failure to release him, on parole, six months prior to his maximum release date, in accordance with N.C.G.S. § 15A-1371(f). The Court of Appeals held that the trial court erred in dismissing plaintiff's claim for monetary damages against defendant Williams (the parole case analyst) on grounds of negligence, willful and deliberate conduct, and false imprisonment, but was correct in dismissing the complaint as to all other defendants. We now hold that the complaint states a claim for relief,[1] under 42 U.S.C. § 1983 and for false imprison-

---

1. The claim is for monetary damages. Declaratory relief has not been argued, apparently due to plaintiff's release on parole and the termination of his prison sentence.

**HARWOOD v. JOHNSON**

[326 N.C. 231 (1990)]

ment, against members of the Parole Commission named in their individual capacities.

After introduction of the parties, plaintiff's complaint, filed in the Superior Court, Wake County, set forth the following facts:

On 29 April 1980, Randy Harwood was convicted on two counts of breaking and entering and one count of carrying a concealed weapon. He was sentenced to a prison term of ten to fourteen years. Mr. Harwood was scheduled to complete the maximum term of his sentence on 23 December 1986. Since Mr. Harwood was incarcerated prior to the Fair Sentencing Act, he alleged that the Parole Commission was required to release him on parole, six months prior to his maximum release date, pursuant to N.C.G.S. § 15A-1371(f). Section 1371(f) provides:

> Mandatory Parole at End of Felony Term.—No later than six months prior to completion of his maximum term, the Parole Commission *must* parole every person convicted of a felony and sentenced to a maximum term of not less than 18 months of imprisonment, unless:
>
> (1) The person is to serve a period of probation following his imprisonment;
>
> (2) The person has been re-imprisoned following parole as provided in G.S. 15A-1373(e); or
>
> (3) The Parole Commission finds facts demonstrating a strong likelihood that the health or safety of the person or public would be endangered by his release at that time.

N.C.G.S. § 15A-1371(f) (1988) (emphasis added). Mr. Harwood alleged that he was entitled to be released, on parole, on 14 June 1986[2] since none of the three exceptions in the statute applied to him. He was not released on that date.

On 10 August 1986, and again on 4 September 1986, Mr. Harwood, still incarcerated, wrote the Parole Commission citing § 1371(f) and inquired into being released on parole. Plaintiff's case analyst, defendant Gwen Williams, replied in conclusory terms that the Parole Commission had broad discretion in determining parole

2. The Court of Appeals' opinion refers to the release date as 13 June 1986, however, the complaint alleges the release date as 14 June 1986. Nevertheless, defendant alleges later that a court determined that his detention and incarceration after 13 June 1986 was unlawful.

eligibility and that plaintiff or the public would be endangered by his parole.

On 29 August 1986, Mr. Harwood filed a petition for writ of habeas corpus to the Superior Court, Rowan County, alleging that his detention after 13 June 1986 was unlawful.

On 16 October 1986 the writ issued, and on 22 October 1986 a hearing on Mr. Harwood's initial petition was held. At the hearing the State conceded and the court found that none of the exceptions in § 1371(f) applied to Mr. Harwood's case. The court ruled that the Parole Commission failed to follow the mandatory provisions of N.C.G.S. § 15A-1371(f), and that the detention and incarceration of plaintiff after 13 June 1986 was unlawful. The court then ordered the immediate release of plaintiff on parole and directed the Parole Commission to expedite the process. Mr. Harwood was released on parole on 21 November 1986, such parole to terminate on 23 December 1986.

Mr. Harwood subsequently filed this action against the Secretary of the North Carolina Department of Correction, the Chairman and the members of the Parole Commission, and a parole case analyst, personally and in their official capacities, seeking declaratory relief and damages for the unlawful imprisonment. Plaintiff also named as a defendant the Superintendent of the Rowan County Prison Unit, in his official capacity only. Plaintiff specifically alleged claims for relief for compensation for losses sustained due to his unlawful detention, for violation of his rights, and for the mental anguish caused by defendants. The trial court, after considering the briefs and arguments of counsel, concluded that defendants' motion to dismiss should be granted and dismissed plaintiff's complaint.

The Court of Appeals affirmed the trial court's dismissal as to all claims against all defendants, with the exception of certain claims against defendant Williams, the parole case analyst.

Plaintiff gave notice of appeal to this Court on the grounds that the Court of Appeals' decision involved substantial constitutional questions arising under the Fourteenth Amendment of the United States Constitution and article I, section 19 of the North Carolina Constitution. In the alternative, plaintiff petitioned this Court for discretionary review. Defendant Williams petitioned this Court for discretionary review of the Court of Appeals' decision reversing the trial court's dismissal of plaintiff's claims against her. Plaintiff's and defendant Williams' petitions for discretionary review were allowed by this Court on 2 March 1989.

The essential question before this Court by virtue of plaintiff's appeal and our grant of both petitions for discretionary review is whether plaintiff's complaint states any claim for relief cognizable in the courts of this State. The Court of Appeals concluded that all of plaintiff's state claims were barred by the doctrine of sovereign immunity with the exception of the claims against the case analyst, which were found to be cognizable due to the allegations that she willfully and deliberately denied plaintiff's rights, and because the case analyst is a public employee rather than a public official. As to plaintiff's federal law claims under 42 U.S.C. § 1983, the Court of Appeals held that the actions of the parole case analyst did not deprive plaintiff of a constitutional right since she had no authority to grant or deny parole. As to the remaining defendants, the Court of Appeals held that plaintiff could not prevail in a § 1983 action because plaintiff failed to allege that these defendants' actions constituted more than "mere negligence."

For clarity we shall treat the claims against the parties in their official capacities separately from the individual claims. We consider first the allegations against the parties in their official capacities.

## I.   Official Capacities

### A.   State Claims

[1] Plaintiff alleges that all named defendants acted in their official capacities in handling his release. As the Court of Appeals noted, with the exception of defendant Williams, a public employee, all of the defendants' official capacities involved employment as public officials with the State of North Carolina.

Plaintiff alleges that defendant Williams, "on behalf of the Parole Commission," responded in writing to plaintiff's inquiries, making certain conclusory representations. We treat this as an allegation that defendant Williams was acting in her official capacity as an employee of the Parole Commission. If suit cannot be maintained against members of the Commission in their official capacities, then neither can it be maintained against defendant Williams for actions taken in her official capacity as an employee pursuant to the orders of the Commission. We thus conclude that, with respect to the doctrine of sovereign immunity, plaintiff's purported claim against defendant Williams in her official capacity must be treated in the same manner as the claim against the members of the Parole Commission because she was acting pursuant to their direction.

HARWOOD v. JOHNSON

[326 N.C. 231 (1990)]

North Carolina has a well-established common law doctrine of sovereign immunity which prevents a claim for relief against the State except where the State has consented or waived its immunity. *Electric Co. v. Turner*, 275 N.C. 493, 168 S.E.2d 385 (1960). The Department of Correction is a state agency created for the performance of essentially governmental functions, and a suit against this department is a suit against the State. *Pharr v. Garibaldi*, 252 N.C. 803, 115 S.E.2d 18 (1960). N.C.G.S. § 143B-264 provides that "[t]he Department of Correction shall be organized initially to include the Parole Commission, the Board of Correction, the Division of Prisons . . . the Division of Adult Probation and Parole, and such other divisions as may be established under the provisions of the Executive Organization Act of 1973." N.C.G.S. § 143B-264 (1987). A suit against defendants in their official capacities, as public officials or a public employee of the Parole Commission acting pursuant to its direction, is a suit against the State. Since the State has not consented to being sued in this forum for violations by the Parole Commission, this suit cannot be maintained against defendants in their official capacities.[3]

Since the doctrine of sovereign immunity applies, a suit cannot be maintained in the superior court against defendants in their official capacities. The decision of the Court of Appeals affirming the dismissal of the complaint as to the Secretary of the Department of Correction, the Chairman and Members of the Parole Commission, and the Superintendent of the Rowan County Prison Unit, in their official capacities, is affirmed. The decision of the Court of Appeals reversing the dismissal of the complaint as to defendant Williams acting in her official capacity is reversed.

B. 42 U.S.C. § 1983 Claim

The United States Supreme Court held that, in a suit for monetary damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," although in a suit for injunctive relief these officials would be "persons" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. ---, ---, 105 L. Ed. 2d 45, 58 (1989). To the extent that plaintiff alleges that defendants acted in their official capacities as officials of the

---

3. Counsel advised the Court during oral argument that plaintiff filed claims against defendants before the Industrial Commission based on a waiver of governmental immunity pursuant to the Tort Claims Act. We do not undertake to decide the validity of those claims since they are not a part of the record in this case.

State, the complaint fails to state a claim for relief for monetary damages, under 42 U.S.C. § 1983. *See id.* To the extent that the Court of Appeals' opinion may be read as prohibiting such a claim, it is affirmed.

## II.  Individual Capacities

### A.  42 U.S.C. § 1983 Claim

[2]  Plaintiff contends that the Court of Appeals erred in affirming defendants' motion to dismiss the claims brought under 42 U.S.C. § 1983. A motion to dismiss should be granted when it appears that plaintiff is not entitled to *any* relief under any facts which could be presented in support of his claim. *Presnell v. Pell*, 298 N.C. 715, 260 S.E.2d 611 (1979).

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1982).

In his complaint, plaintiff alleges that all defendants acted under color of state law to deprive him of his liberty without due process of law. He specifically alleges that all defendants acted under color of state law and, upon information and belief, in accordance with a practice or policy of the Parole Commission to disregard the mandate of N.C.G.S. § 15A-1371(f) with respect to the parole of prisoners. Section 1371(f) provides that "the Parole Commission *must* parole every person . . ." when certain conditions are met. N.C.G.S. § 15A-1371(f) (emphasis added). The mandatory language of the statute creates a liberty interest protected by the due process clause, since it creates a presumption that parole release will be granted if there are no findings that fall within the stated exceptions. *Board of Pardons v. Allen*, 482 U.S. 369, 96 L. Ed. 2d 303 (1987); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 60 L. Ed. 2d 668 (1979).

Under the allegations of the complaint, which for our purposes must be taken as true, plaintiff should have been released on parole on 14 June 1986. He was not released on that date although the

HARWOOD v. JOHNSON

[326 N.C. 231 (1990)]

State later conceded that none of the exceptions in N.C.G.S. § 15A-1371(f) applied to him. Notwithstanding efforts on the part of Mr. Harwood to secure his release, he was not released on parole until some thirty days after the court ordered his immediate release and more than five months after 14 June 1986.

While defendants may be able to place a different light upon the circumstances, the allegations are at least sufficient at this stage to permit plaintiff to come forward with evidence to support his claim that the delay in releasing him on parole was caused by the actions of these individuals acting in accord with a practice or policy of the Parole Commission to disregard the mandate of N.C.G.S. § 15A-1371(f). These allegations, if shown to be true, would entitle plaintiff to relief pursuant to 42 U.S.C. § 1983 since this statute clearly established a statutory right of which members of the Commission as reasonable officials should have been aware. Since the facts as alleged would entitle plaintiff to some relief, plaintiff's complaint was sufficient to withstand a motion to dismiss as to individual members of the Parole Commission.

[3] Dismissal of the § 1983 claim was proper, as to defendant Bame, since he was not sued in his individual capacity. As to defendant Williams, the case analyst, the allegations are insufficient to show that she violated any protected right of the plaintiff since she had no authority to grant or deny his parole and since there is no allegation that she withheld information from the Commission or misled its members. Thus, the trial court properly granted the motion to dismiss as to her.

The duties of the Department of Correction include providing the necessary custody, supervision, and treatment to control and rehabilitate criminal offenders and juvenile delinquents, thereby reducing the rate and cost of crime and delinquency. N.C.G.S. § 143B-261 (1987). The duties do not include supervising the Parole Commission's duties of granting and denying paroles. The Parole Commission has the exclusive authority to grant or deny paroles. N.C.G.S. § 143B-266(a) (1987). As Secretary of the Department of Correction, defendant Johnson had no authority to grant or deny plaintiff's parole nor did he have authority to supervise the Commission's granting or denying of plaintiff's parole. Therefore, dismissal as to him was proper.

[4] The Chairman and other members of the Parole Commission had a duty to grant plaintiff's parole in compliance with the statute.

Because their failure to do so was alleged to have been in accordance with a practice or policy of disregarding the mandate of the statute, the complaint is sufficient to withstand a motion to dismiss. It remains to be determined, upon summary judgment, or at trial, whether plaintiff can forecast or prove that some or all of the individual members of .the Parole Commission violated plaintiff's due process rights by acting in accordance with a practice or policy of disregarding the mandate of N.C.G.S. § 15A-1371(f) as alleged in the complaint. The Court of Appeals erred by affirming the dismissal of plaintiff's § 1983 claim against the Chairman and other members of the Parole Commission in their individual capacities.

## B.   State Claims

### 1.   Negligence Claim

[5] Plaintiff alleges that defendant Johnson, the Secretary of Correction, negligently failed to supervise the Parole Commission to ascertain that the Commission's policies or practices were in accordance with the law. As indicated earlier, defendant Johnson had no duty to supervise the Commission's granting or denying plaintiff's parole. Therefore, the granting of the motion to dismiss plaintiff's state claims as to defendant Johnson in his individual capacity was correctly affirmed by the Court of Appeals.

[6] Plaintiff alleges that defendant Williams misrepresented to him the actions taken by the Commission and that this misrepresentation caused his continued unlawful incarceration. Defendant Williams, however, had no authority to release plaintiff on parole and plaintiff does not allege how her misrepresentation to him caused his continued incarceration. As noted earlier, there is no allegation that defendant Williams misled or withheld information from the members of the Commission who could authorize plaintiff's release.

[7] Plaintiff further alleges that defendant Briggs failed to properly supervise other members of the Commission and this was a cause of his continued unlawful incarceration. Defendant Briggs, as Chairman and a member of the Parole Commission, had the authority, along with other members of the Commission, to grant plaintiff's parole. However, we agree with the Court of Appeals that these public officials cannot be held individually liable for damages caused by mere negligence in the performance of their statutory duties.

## 2. False Imprisonment Claim

[8] In addition, plaintiff alleges that as a result of defendants' acts and omissions he was falsely imprisoned. He alleges, among other things, that all defendants acted in accordance with a practice or policy to disregard the mandate of N.C.G.S. § 15A-1371(f) with respect to the parole of prisoners. False imprisonment is the unlawful and total restraint of the liberty of a person against his will. *See generally Black v. Clark's Greensboro, Inc.*, 263 N.C. 226, 139 S.E.2d 199 (1964); *Riley v. Stone*, 174 N.C. 588, 94 S.E.2d 434 (1917).

Plaintiff alleges that members of the Commission did not adhere to the mandate of N.C.G.S. § 15A-1371(f) on their own initiative nor did they adhere to it when they were notified by him. Also, when the court made findings that plaintiff was not timely released in accordance with § 1371(f), the court ordered his immediate release and ordered the Commission to expedite the process. Plaintiff was not released until approximately one month after the court's order. These allegations are sufficient to show an unlawful and total restraint of plaintiff's liberty against his will by the members of the Parole Commission. If plaintiff can establish that the members of the Parole Commission falsely imprisoned him by deliberately disregarding the mandate of N.C.G.S. § 15A-1371(f) with respect to the parole of prisoners, as he alleges, he is entitled to monetary relief. For the reasons stated earlier in this opinion, these allegations are insufficient to establish a false imprisonment claim against the remaining defendants.

## 3. Law of the Land Claim

We do not reach the question of a state constitution deprivation since plaintiff has stated a claim for relief pursuant to 42 U.S.C. § 1983.

## Conclusion

Plaintiff alleged facts sufficient to withstand the motion to dismiss the false imprisonment and § 1983 claims brought against the Chairman and members of the Parole Commission, in their individual capacities; all defendants are shielded by the doctrine of sovereign immunity for the state claims brought against them in their official capacities; a § 1983 claim for monetary damages cannot be brought against any of the defendants in their official capacities; and, since plaintiff sufficiently alleged an adequate federal

claim for relief under § 1983, it is unnecessary to reach plaintiff's constitutional claim under our Law of the Land Clause.

The decision of the Court of Appeals is affirmed in part, reversed in part, and the case is remanded to the Court of Appeals for further remand to the Superior Court for reinstatement of the false imprisonment and § 1983 claims against defendants Briggs, Colombo, Garrett, Ledbetter, and Stanback in their individual capacities only.

Affirmed in part; reversed in part; and remanded.