STEVE THOMAS AND THE STATE OF NORTH CAROLINA, EX REL. STEVE THOMAS, PLAINTIFFS v. JAMES SELLERS, SHERIFF OF ANSON COUNTY, IN HIS OFFICIAL CAPACITY, DEPUTY SHERIFF DAVID MORTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND FIDELITY AND DEPOSIT CO. OF MARYLAND, AS SURETY, DEFENDANTS

No. COA00-337

(Filed 20 February 2001)

### 1. Police Officers— execution of court order—good faith—no individual liability

The trial court properly granted summary judgment for Deputy Morton in his individual capacity on claims arising from plaintiff's arrest where Deputy Morton testified that he acted in good faith and without malice, there is no contrary evidence in the record, and both plaintiff and Deputy Morton testified that plaintiff effectively prevented officers from removing equipment subject to an order of seizure in claim and delivery, that Deputy Morton repeatedly urged plaintiff to remove the obstacles plaintiff had placed in front of the equipment, and that Deputy Morton warned plaintiff at least ten times that he would be arrested if he did not comply. Officers are not expected to go behind the face of a valid order and Deputy Morton's attempt to execute the order of seizure cannot in itself be deemed malicious.

### 2. Immunity— governmental—sheriff—surety

While the general rule is that suits against public officials are barred by governmental immunity where the official is performing a governmental function, N.C.G.S. § 58-76-5 removes a sheriff from governmental immunity where the surety is added as a party to the action.

### 3. Malicious Prosecution— malice—summary judgment

The trial court properly granted summary judgment for a deputy sheriff, the sheriff, and their surety in their official

capacity on a malicious prosecution claim where plaintiff failed to show a genuine issue of material fact as to whether the deputy acted with malice in executing an order of seizure against equipment.

**4. Assault— arising from arrest—summary judgment**

The trial court properly granted summary judgment in a civil assault action against a deputy, the sheriff, and their surety on a civil assault claim arising from an arrest where plaintiff testified in a deposition that the deputy had asked him to assume the position, patted him down, handcuffed him, and walked him to a car.

**5. False Arrest— preventing execution of court order—reasonable officer**

The trial court did not err by granting summary judgment for defendant deputy sheriff on plaintiff's claim for false arrest where plaintiff admitted that the deputy possessed an order to seize equipment, that the deputy told plaintiff he had the right to remove the property from plaintiff's premises, that plaintiff blocked access to the equipment with other machinery, and that plaintiff refused to move that machinery despite numerous requests and warnings that he would be arrested if he did not do so. Plaintiff's continued refusal to remove the machinery effectively prevented execution of a court order and would induce a reasonable police officer to arrest him.

Appeal by plaintiff from order entered 10 November 1999 by Judge Michael E. Beale in Anson County Superior Court. Heard in the Court of Appeals 25 January 2001.

*Drake and Pleasant, by Henry T. Drake for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr., for defendant-appellees.*

MARTIN, Judge.

Plaintiff appeals from the entry of summary judgment in favor of defendants, dismissing plaintiff's claims for malicious prosecution, assault, and false imprisonment. The pleadings, depositions, and affidavits before the trial court at the summary judgment hearing tended to show that ancillary to litigation pending in the Superior Court of Anson County between Edwards Timber Company, Inc., and Jerry

Wayne Flake, the Clerk of Superior Court issued, on 1 July 1997, an Order of Seizure In Claim And Delivery directing the Sheriff of Anson County to seize certain property belonging to Mr. Flake, including a 711 E Hydro-Axe with 20" Koehring saw (hereinafter "Hydro-Axe"). The Hydro-Axe was located at a repair shop owned by plaintiff Steve Thomas, which was located adjacent to his residence. On 7 July 1997, Deputy Sheriff David Morton went to plaintiff's home to seize the Hydro-Axe. Deputy Morton first spoke with plaintiff's wife, Saundra, who told him that her husband's lawyer had informed them that the police could not lawfully seize the Hydro-Axe. Mrs. Thomas told Deputy Morton that plaintiff was on his way home and warned him that plaintiff had a violent temper. Deputy Morton called for assistance.

When plaintiff arrived at his shop, he told Deputy Morton that he had performed repair work on the Hydro-Axe, possessed a mechanic's lien on the equipment, and that the officer had no right to seize the Hydro-Axe because removal of it from plaintiff's possession would abolish the lien. When Deputy Morton responded that the order gave him the right to seize the Hydro-Axe regardless of the mechanic's lien, plaintiff moved a tandem dump truck and a track loader next to the Hydro-Axe to prevent the officer from removing it. Plaintiff refused to move the truck and track loader despite Morton's repeated requests. Shortly thereafter, numerous other law enforcement officers arrived and Deputy Morton warned plaintiff that he would arrest him for resisting, delaying and obstructing a police officer if he did not move the equipment that was blocking the Hydro-Axe. When plaintiff did not comply despite at least ten such warnings, Morton arrested him. Plaintiff was patted down and handcuffed; the keys to the truck and track loader were taken from his pockets and were used to move the vehicles away from the Hydro-Axe. Plaintiff was transported to the Anson County sheriff's office, where a magistrate judge issued an arrest warrant charging him with resisting, obstructing and delaying a public officer. After a hearing in district court, however, the charges against plaintiff were dismissed.

---

Plaintiff's single assignment of error is to the order granting summary judgment in favor of defendants. In ruling on a motion for summary judgment, the court must "view the pleadings, affidavits and discovery materials available in the light most favorable to the non-moving party to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as

a matter of law." *Pine Knoll Ass'n, Inc. v. Cardon,* 126 N.C. App. 155, 158, 484 S.E.2d 446, 448, *disc. review denied,* 347 N.C. 138, 492 S.E.2d 26 (1997); N.C.R. Civ. P. 56 (2000).

## I.

[1] Plaintiff asserted claims against Deputy Morton both individually and in his official capacity. "In order to hold an officer personally liable in his individual capacity, a plaintiff must make a prima facie showing that the officer's conduct is malicious, corrupt, or outside the scope of his official authority." *McCarn v. Beach,* 128 N.C. App. 435, 437, 496 S.E.2d 402, 404, *disc. review denied,* 348 N.C. 73, 505 S.E.2d 874 (1998). Plaintiff contends Deputy Morton is liable individually because he acted with malice when he arrested plaintiff for resisting, obstructing and delaying a public officer in the performance of his duties.

"A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Grad v. Kaasa,* 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984). In this case, Deputy Morton testified by affidavit that he acted in good faith and without malice; there is no contrary evidence in the record before us which would sustain a finding that Morton acted in a manner which he should have known would be contrary to his duty or that he intended to prejudice or injure plaintiff. Both plaintiff and Deputy Morton testified that plaintiff effectively prevented the officers from removing the Hydro-Axe, and that Deputy Morton repeatedly urged plaintiff to remove the obstacles, warning him at least ten times that he would be arrested if he did not comply.

Moreover, "officers cannot be deemed to act maliciously when they enforce a court order that is valid on its face. They are not expected to go behind the face of the order." *Jacobs v. Sherard,* 36 N.C. App. 60, 65, 243 S.E.2d 184, 188, *disc. review denied,* 295 N.C. 466, 246 S.E.2d 12 (1978). Officer Morton's attempt to execute the order of seizure in claim and delivery, therefore, cannot in itself be deemed malicious. Even when the evidence is viewed in the light most favorable to plaintiff, plaintiff has not shown any genuine issue of material fact as to his claims against Deputy Morton in his individual capacity and defendants' motion for summary judgment as to those claims was properly granted.

## II.

**[2]** Plaintiff also asserted claims against Deputy Morton and Sheriff Sellers in their official capacities and against Fidelity Deposit Company as surety. The general rule is that suits against public officials are barred by the doctrine of governmental immunity where the official is performing a governmental function, such as providing police services. *Messick v. Catawba County,* 110 N.C. App. 707, 431 S.E.2d 489, *disc. review denied,* 334 N.C. 621, 435 S.E.2d 336 (1993). However, G.S. § 58-76-5 provides that a sheriff and his officers can be sued in their official capacities.

> Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff, . . . or other officer, may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office in the name of the State, without any assignment thereof . . . .

N.C. Gen. Stat. § 58-76-5. This statute removes the sheriff and officer "from the protective embrace of governmental immunity" where, as here, the surety is added as a party to the action. *Messick,* 110 N.C. App. at 715, 431 S.E.2d at 494. Thus, we must determine whether a genuine issue of material fact exists with regard to plaintiff's tort claims against defendants in their official capacities.

### A. Malicious Prosecution

**[3]** "[T]o maintain an action for malicious prosecution, the plaintiff must demonstrate that the defendant '(1) instituted, procured or participated in the criminal proceeding against [the] plaintiff; (2) without probable cause; (3) with malice; and (4) [that] the prior proceeding terminated in favor of [the] plaintiff.' " *Moore v. Evans,* 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996) (quoting *Williams v. Kuppenheimer Manufacturing Co.,* 105 N.C. App. 198, 200, 412 S.E.2d 897, 899 (1992)). Since plaintiff failed to show the existence of any genuine issue of material fact regarding whether Deputy Morton acted with malice, he has failed to make the requisite showing to sustain an action for malicious prosecution. Accordingly, defendants' motion for summary judgment as to the malicious prosecution claim was properly granted.

## B. Assault

**[4]** Plaintiff next alleges that Deputy Morton assaulted plaintiff by threatening to arrest him if he did not comply and by "plac[ing] his hands upon the plaintiff" at the time of the arrest. "[A] civil action for damages for assault and battery is available at common law against one who, for the accomplishment of a legitimate purpose, such as justifiable arrest, uses force which is excessive under the given circumstances." *Myrick v. Cooley*, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988). Even viewing the evidence in the light most favorable to plaintiff, no genuine issue of material fact exists regarding whether defendant Morton used excessive force. In his deposition, plaintiff described the arrest as follows: "he asked me to assume the position;" later he stated "he patted me down, handcuffed me and Bradshaw walked me to the car." This testimony provides no evidence of excessive force. Defendants' motion for summary judgment as to plaintiff's assault claim was properly granted.

## C. False Imprisonment

**[5]** Finally, plaintiff argues that the court erred in granting summary judgment as to his claim for false imprisonment. Plaintiff was arrested without a warrant for committing an offense in the presence of the arresting officers. This issue is governed by G.S. § 15A-401(b)(1), which provides:

> [a]n officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence.

The dispositive issue, therefore, is whether Deputy Morton had probable cause to believe plaintiff obstructed, resisted and delayed him in carrying out his duties. "The test for whether probable cause exists is an objective one—whether the facts and circumstances, known at the time, were such as to induce a reasonable police officer to arrest, imprison, and/or prosecute another." *Moore*, 124 N.C. App. at 43, 476 S.E.2d at 422 (emphasis omitted). "If the facts are admitted or established [probable cause] is a question of law for the court." *Id.* (quoting *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978)).

The facts as to this issue are not in dispute. Plaintiff admits that Deputy Morton possessed an order to seize the Hydro-Axe and that the deputy told plaintiff he had the right to remove the property from plaintiff's premises. Plaintiff further admits that he blocked the offi-

cers' access to the Hydro-Axe with two pieces of machinery and refused to move them despite Morton's numerous requests and warnings that he would be arrested if he did not do so. We believe plaintiff's continued refusal to remove the machinery, which effectively prevented Officer Morton from executing the court's order, would induce a reasonable police officer to arrest him. Accordingly, we hold Officer Morton had probable cause to make the arrest, and the trial court did not err in granting summary judgment dismissing plaintiff's claim for false imprisonment.

Affirmed.

Judges TIMMONS-GOODSON and THOMAS concur.