FREDDIE L. EMORY, Plaintiff v. JAMES "JIM" PENDERGRAPH, individually and in his official capacity as Sheriff of the OFFICE OF SHERIFF OF MECKLENBURG COUNTY, PEERLESS INSURANCE COMPANY, as Surety of the Sheriff's Bond, SUSAN RAUL, WALTER SIZEMORE, MECKLENBURG COUNTY, and THEODIS BECK, in his official capacity as Secretary of North Carolina Department of Correction, Defendants

No. COA01-1591

(Filed 19 November 2002)

**False Imprisonment— civil contempt incarceration—ambiguous sentence**

The trial court did not err by granting summary judgment for defendants on a false imprisonment claim where plaintiff was arrested on 11 July and ordered released on 17 December on a 30

day civil contempt sentence. The sentencing court's order and the circumstances of plaintiff's incarceration did not provide a clear mandate to defendants for plaintiff's release date; a claim for false imprisonment cannot be established without defendants' knowledge of the wrongful restraint.

Appeal by plaintiff from judgment entered 17 September 2001 by Judge Forrest Donald Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 October 2002.

*Ferguson, Stein, Chambers, Wallas, Adkins, Gresham & Sumter, P.A., by Henderson Hill and Corie Pauling, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Scott D. MacLatchie, for defendants-appellees.*

TYSON, Judge

## I. Facts

On 24 June 1999, Freddie L. Emory, ("plaintiff") failed to appear at his equitable distribution proceeding. Judge Jane Harper held plaintiff in civil contempt for failure to appear and ordered him "committed to the jail of Mecklenburg County for a period of (30) days. . . ."

On 11 July 1999, plaintiff was arrested by Union County deputies and appeared before a magistrate who issued a Release Order, commonly called a "blue sheet." The blue sheet directed plaintiff be released from custody if he made a "payment in cash in the amount shown above [$16,313] for judgements [sic] as decreed in Civil Contempt Order (see order for dispersement [sic] of funds)."

On 13 July 1999, plaintiff appeared before Judge Harper, and was sentenced to, "30 days work release [for] contempt." No new written order was filed by Judge Harper. Plaintiff informed defendants that his sentence was for a maximum term of thirty days. He presented portions of Judge Harper's original sentencing order to his work-release counselor, Monica Lindsey, to show the length of his sentence. Lindsey gave the papers to her supervisor, Defendant Susan Rall.

Rall made an inquiry to the Records and Classifications Department about plaintiff's sentence and was informed that it was

indefinite. Rall also discussed plaintiff's protests with her superior, Defendant Walter Sizemore. Rall told plaintiff that he should retain an attorney if he wanted to be released because neither she nor her department could do anything about his incarceration.

In December 1999, Defendant Sizemore directed an employee to obtain plaintiff's district court file. Sizemore perceived that plaintiff's sentence to be thirty days. On 17 December 1999, Judge Harper ordered plaintiff's release.

On 27 September 2000, plaintiff filed an amended complaint alleging false imprisonment, abuse of process, intentional infliction of emotional distress, libel, and violations of the North Carolina State Constitution against defendants.

On 8 November 2000, the trial court granted defendants' motion to dismiss plaintiff's claim for abuse of process. The parties stipulated to the dismissal of Mecklenburg County as a defendant and to the dismissal of the claim of the violation of the state constitution. On 17 September 2001, Judge Forrest Bridges granted defendants' motion for summary judgment on all remaining claims. The trial court ruled that the wording of Judge Harper's order and the circumstances of incarceration evidenced no clear mandate, and held that plaintiff could not show defendants' "deliberate disregard" in the absence of a clear mandate for plaintiff's release. Plaintiff appeals.

## II.  Issues

Plaintiff contends that the trial court erred in granting summary judgment for defendant and argues (1) the sentencing order was unclear as to the length of plaintiff's sentence and (2) defendants' conduct constituted deliberate disregard of the order, both issues of material fact for a jury.

## III.  Standard of Review

Our standard of review is well-settled. "Where a motion for summary judgment is granted, the critical questions for determination on appeal are whether, on the basis of materials presented to the trial court, there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law." *You v. Roe*, 97 N.C. App. 1, 7, 387 S.E.2d 188, 190 (1990) (citation omitted). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted).

## IV. Clarity of Sentencing Order

Plaintiff contends that summary judgment was improper because interpretation of the sentencing order presented issues of material fact. Defendants claim the interpretation of two orders, the blue sheet and Judge Harper's sentencing order, raised questions of law and not of fact.

The trial court determined that Judge Harper's order did not present a clear mandate to defendants concerning plaintiff's confinement period.

> This Court further concludes that, even had Defendants obtained and reviewed the entirety of Judge Harper's June 24 Order, *the wording of the Order and the circumstances of the Plaintiff's incarceration* are such there was no clear mandate as to the date on which Plaintiff was entitled to be released.

(Emphasis supplied).

Defendants rely upon *Blevins v. Welch*, 137 N.C. App. 98, 527 S.E.2d 667 (2000) for the premise that an interpretation of a prior court order presents a question of law and should be given deference by a reviewing court.

> Although no unanimity seems to exist, several courts, in the context of ambiguous judgments, have given deference to the trial court's interpretation of the prior judgment. Exactly how much deference varies. *See, e.g., County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) (stating a trial court's interpretation is subject to an abuse of discretion standard); *Holmberg v. Holmberg*, 578 N.W.2d 817, 825 (Minn. Ct. App. 1998) (stating the trial judge's interpretation is given "great weight"), *aff'd*, 588 N.W.2d 720 (Minn. 1999); *Schultz v. Schultz*, 535 N.W.2d 116, 120 (Wis. Ct. App. 1995) (stating that some deference is given to the trial court's interpretation). *But see Kerndt v. Ronan*, 458 N.W.2d 466, 470-71 (Neb. 1990) (stating that a trial judge's interpretation is irrelevant). Deference to a trial judge's interpretation is even more appropriate where, as here, that trial judge is the same one who presided over the original judgment now being interpreted. This is so because "the [trial judge's] resolution of the ambiguity is made based upon the judge's experience of trial or prior experience with the record." *Schultz*, 535 N.W.2d at 120. Here, the trial judge interpreted the 1983 judgment

to include both roads. We will defer to his experience with this case and the parties and therefore affirm his interpretation.

*Id.* at 102, 527 S.E.2d at 671.

*Blevins* is factually distinguishable from the case at bar. The judge interpreting the prior order in *Blevins* was the same judge who issued it. *Id.* at 102, 527 S.E.2d at 671. Judge Harper did not grant summary judgment on a complaint that questioned an order she had previously entered. That factual distinction between the cases is irrelevant because a superior court judge interpreted Judge Harper's order and found an ambiguity.

Whether or not an ambiguity exists in a contract is a question of law, and our review of that determination is *de novo*. *Bicket v. McLean Securities, Inc.*, 124 N.C. App. 548, 553, 478 S.E.2d 518, 521 (1996) (citations omitted). Similarly, the existence of an ambiguity in a court order is also a question of law, but resolution of the ambiguity is a question of fact. *See Potter v. Hilemn Labs, Inc.*, 150 N.C. App. 326, 331, 564 S.E.2d 259, 263 (2002) (Trial court's determination of whether the language in a consent judgment was ambiguous is a question of law). The existence of an ambiguity in the orders is a question of law to be decided by the judge and is not a question of fact for the jury.

A claim of false imprisonment requires a showing of "the illegal restraint of a person against his will." *Marlowe v. Piner*, 119 N.C. App. 125, 129, 458 S.E.2d 220, 223 (1995) (citation omitted). "Illegal" or "unlawful" necessarily implies deliberateness in defendants' actions. Defendants had no duty to go behind the face of either order. *See Thomas v. Sellers*, 142 N.C. App. 310, 313, 542 S.E.2d 283, 286 (2001) (citation omitted).

In *Harwood v. Johnson*, 326 N.C. 231, 388 S.E.2d 439 (1990), plaintiff filed a lawsuit for false imprisonment after plaintiff was granted a writ of *habeas corpus*. The court at the *habeas corpus* proceeding concluded that the parole commission did not follow mandatory provisions of a statute, which rendered the detention and imprisonment of the plaintiff "unlawful." *Id.* at 236, 388 S.E.2d at 442. While the unlawful incarceration was undisputed, our Supreme Court found that plaintiff could only recover if he established on remand "that the members of the Parole Commission falsely imprisoned him *by deliberately disregarding* the mandate of N.C.G.S. § 15A-1371(f). . . ." *Id.* at 242, 388 S.E.2d at 445 (emphasis supplied).

The trial court found no clear mandate for plaintiff's release because "the wording of [Judge Harper's] . . . order and the circumstances of the plaintiff's incarceration" created an ambiguity. The trial court's determination of law is supported by existing law and substantial evidence. We find no basis to reverse this conclusion. Because plaintiff's release date was ambiguous, defendants did not deliberately disregard a clear mandate and did not intentionally restrain plaintiff. Plaintiff's assignment of error is overruled.

### V. Deliberate Disregard

Plaintiff's second assignment of error alleges that defendants' deliberate disregard of Judge Harper's original order presents a question of material fact. If the orders had provided a clear mandate to defendants, whether they deliberately disregarded the orders would be a question of fact. The orders did not provide a clear mandate to defendants for plaintiff's release. A claim for false imprisonment against defendants cannot be established without their knowledge of the wrongful restraint.

### VI. Conclusion

We affirm summary judgment for defendant on the basis that there is no claim for false imprisonment without a clear mandate for release in the orders to show unlawful confinement. As a result of this holding, we do not reach plaintiff's second issue. The judgment of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge THOMAS concur.