TYSON, Judge, concurring.
I fully concur to reverse and to remand to the trial court. I agree the contingency compensation proceeds from the Cruise case, distributed to Defendant, were not deferred compensation. I also agree the compensation from the Cruise case is separate property of Defendant under the circumstances presented here. On remand, the trial court should determine whether there was any increase in value of Defendant's law firm, and whether such increase, if any, was passive or active. I *736 agree this case should be remanded for further proceedings regarding equitable distribution.
I also concur with the majority's holding and opinion that the alimony order should be reversed and remanded for further proceedings in order for the trial court to determine the amount of Defendant's current actual income. The trial court should do this before deciding his ability to pay alimony based upon the average of his income from previous years.
I write separately to further address Defendant's argument that the trial court's order failed to distribute the mortgage debt on the marital residence to Plaintiff.
A. Distribution of Marital Residence
Defendant argues the trial court failed to distribute the mortgage debt on the marital home to Plaintiff. Defendant argues in his brief: "while the [c]ourt ordered Defendant to deed over his interest in the property to Plaintiff, the trial court did not order Plaintiff to remove Defendant from the note and deed of trust, instead merely allowing her to assume the payments on the mortgage, and thus Defendant remains liable on the marital debt." I also disagree with Defendant's characterization of the trial court's order.
In contrast to Defendant's reading of the order, the decretal portion of the order states, in relevant part:
4. Defendant shall execute a special warranty deed transferring all of his right, title and interest in the property located at 2733 Spring Garden Road, Winston Salem, NC to Plaintiff. Plaintiff's attorney shall prepare and deliver to Defendant's attorney said deed conveying Defendant's interest in said property to Plaintiff and Defendant shall execute said deed within fifteen (15) days of receiving the deed from Plaintiff's attorney. The divisible property value of $4,667.00 is also distributed to the Plaintiff. The Plaintiff shall assume and pay in full according to the terms of the present mortgage at Wells Fargo Mortgage that is *57 a lien on said residence until such time as she sells the residence or refinances it. (Emphasis supplied.)
....
13. At the request of the other party, each party shall execute and deliver any and all written instruments or documents reasonably necessary or desirable to effectuate the *737 purposes and provisions of this Judgment and Order.
....
15. The terms of this Judgment and Order are enforceable through the contempt powers of this court. Each party has the ability to seek enforcement of this Judgment at his or her respective election.
These provisions grant Defendant the authority and an enforcement mechanism to seek his release from liability for the note. That is the only logical reading to comport with the trial court's intent that Plaintiff "shall assume and pay in full the debt " on the residence. If Defendant's name remains on the note, then the trial court's intent to distribute the asset and debt in full to Plaintiff and for Plaintiff to "assume and pay in full" the mortgage would be a nullity, because the lender could assert Defendant's joint and several liability to pay the debt in full, if Plaintiff fails to "assume and pay in full." "Court judgments and orders 'must be interpreted like other written documents, not by focusing on isolated parts, but as a whole.' " Cleveland Const., Inc. v. Ellis-Don Const. Inc. , 210 N.C. App. 522, 535, 709 S.E.2d 512, 522 (2011) (citing Reavis v. Reavis , 82 N.C. App. 77, 80, 345 S.E.2d 460, 462 (1986) ).
The majority's opinion states and correctly interprets the trial court's order as clearly distributing the debt owed on the marital residence to Plaintiff. Finding of Fact 34 of the order states: "The ... mortgage on the marital residence ... had a balance of $364,448.74 on the date of separation. This debt is distributed to [Plaintiff]." (Emphasis supplied.) The court's order does not just state Plaintiff shall make payments on the mortgage, while Defendant remains fully liable, but that the ownership of the asset and mortgage debt itself "is distributed to Plaintiff" and expressly requires that Plaintiff "shall assume and pay in full."
" 'To assume' is defined by the lexicographers as 'to take upon one's self,' 'to undertake,' 'to adopt.' " Lenz v. Chicago & N.W. Ry. Co. , 111 Wis. 198, 86 N.W. 607, 609 (1901) ; see also Proctor Tr. Co. v. Neihart, 130 Kan. 698, 288 P. 574, 577 (1930) (" 'Assume' means 'to take upon one's self (to do or perform); to undertake.' " (citation omitted)). "To pay, is ... to discharge a debt, to deliver a creditor the value of a debt, either in money or in goods, to his acceptance, by which the debt is discharged." Beals v. Home Ins. Co., 36 N.Y. 522, 527 (1867) (citations omitted).
Here, the language of the trial court's order expressly distributes the marital residence equity and debt to Plaintiff, and requires Plaintiff "shall assume and pay in full" the mortgage and debt on the marital *738 residence. Construing "assume" and "pay in full" together indicates Defendant has the power under the trial court's order to demand Plaintiff to have Defendant's name removed from the note or otherwise release Defendant from liability on the note. Otherwise, Plaintiff would assume the mortgage, but not be responsible to "pay in full." See Cleveland Const., 210 N.C. App. at 535, 709 S.E.2d at 522 (stating court orders and judgments must be interpreted as a whole).
If any ambiguity exists in the trial court's order, then upon remand, the trial court should make the decretal section more definitive. "Whether ambiguity exists in a court order is a question of law...." Emory v. Pendergraph , 154 N.C. App. 181, 185, 571 S.E.2d 845, 848 (2002). This Court reviews questions of law de novo . N.C. Dep't of Env't & Natural Res. v. Carroll , 358 N.C. 649, 659, 599 S.E.2d 888, 894 (2004).
Upon execution and recordation of the ordered special warranty deed, conveying the marital residence to Plaintiff, all of Defendant's right, title, and interest in that collateral, including his equity of redemption of that property is terminated. As long as Defendant's name remains on the note, he is fully liable for the entire debt. He must disclose that liability on his financial statements and credit reports, with no continuing *58 or offsetting interest in the underlying real property asset, which serves as partial collateral to secure repayment of the debt. Plaintiff and Defendant's joint and several promise to pay remains part of the collateral for repayment.
No cases allow a trial court to purportedly grant one spouse sole ownership of the marital residence, and to distribute responsibility to "assume and pay in full" the mortgage debt, while requiring the other spouse to remain jointly and severally liable for the balance on the note. Our Supreme Court in Beall v. Beall , 290 N.C. 669, 677, 228 S.E.2d 407, 412 (1976), dealt with a divorce judgment that granted the wife possession of the marital residence and required the husband to pay the mortgage and taxes on the home. The Supreme Court found that portion of the divorce order reasonable. Id. The Court in Beall did not require the husband to convey his entire property interest in the marital residence to the wife, yet remain liable for the entire debt.
B. Conclusion
The majority's opinion does not vacate or overturn the portions of the equitable distribution order distributing the marital residence asset and debt to Plaintiff. The order grants Plaintiff exclusive ownership of the marital residence and distributes concurrent responsibility to "assume and pay in full" the debt thereon.
*739 On this marital residence distribution issue, the trial court's decretal portion of its order is supported by its findings of fact and conclusions of law, which allows for Defendant's liability under the note to be terminated or released by the lender upon his execution and delivery of the special warranty deed. The trial court upon remand should enforce the express language of the equitable distribution order to require such release from the martial residence debt liability as a quid pro quo for the conveyance of Defendant's entire interest in the marital residence to Plaintiff.