IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-732

Filed: 19 May 2020

Wake County, No. 18 CVS 9970

MARY SUE VAITOVAS, Plaintiff,

v.

CITY OF GREENVILLE; PITT COUNTY BOARD OF EDUCATION; PHIL BERGER, in his capacity as President Pro Tempore of the Senate; and TIM MOORE, in his capacity as Speaker of House of Representatives, Defendants.

Appeal by plaintiff from order entered 25 June 2019 by Judges Richard S. Gottlieb, William H. Coward, and Imelda J. Pate in Wake County Superior Court. Heard in the Court of Appeals 7 January 2020.

> *Stam Law Firm, PLLC, by R. Daniel Gibson and Paul Stam, for plaintiff-appellant.*

> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Robert J. King III, Jill R. Wilson, and Elizabeth L. Troutman, for defendants-appellees.*

DIETZ, Judge.

Plaintiff Mary Sue Vaitovas brought this facial constitutional challenge to a state law concerning automated red-light traffic cameras in the City of Greenville. Vaitovas argues that the law violates a provision of the North Carolina Constitution prohibiting local laws relating to health.

Vaitovas sued the City of Greenville and the Pitt County Board of Education, and also the State of North Carolina, through official-capacity claims against Phil

Berger, the President Pro Tempore of the North Carolina Senate, and Tim Moore, the Speaker of the North Carolina House of Representatives.[1]

The trial court later transferred the case to a three-judge panel of superior court judges appointed by the Chief Justice because the allegations in the complaint are a facial constitutional challenge to a state law. N.C. Gen. Stat. § 1-267.1.

The three-judge panel then heard cross-motions for summary judgment from Vaitovas, the City of Greenville, and the Pitt County Board of Education. The court entered summary judgment in favor of Greenville and the Pitt County Board of Education and Vaitovas appealed. Vaitovas filed an appellant's brief and Greenville and the Pitt County Board of Education filed a joint appellee's brief.

At oral argument, this Court posed a relevant question: where is the State of North Carolina and what happened to Vaitovas's claims against the State? The following exchange occurred between the Court and the parties:

> JUDGE DIETZ: Can I ask a quick, just procedural question. Is the State a party in this case?
>
> COUNSEL FOR GREENVILLE: I think they were a nominal party and I'm not quite sure how they disappeared from the case . . . but they have not shown up or filed any brief. . . . They were named at the very beginning . . .

Another attorney for Greenville and the Pitt County Board of Education then provided some additional information:

---

[1] "A suit against defendants in their official capacities, as public officials . . . is a suit against the State." *Harwood v. Johnson*, 326 N.C. 231, 238, 388 S.E.2d 439, 443 (1990).

> COUNSEL FOR GREENVILLE: We actually went back and forth a long time about the procedure for this and they ended up taking a voluntary dismissal as to the State.
>
> CHIEF JUDGE McGEE: The Plaintiff took a voluntary dismissal? [Motioning to Plaintiff's Counsel] You're welcome to answer.
>
> PLAINTIFF'S COUNSEL: We took a dismissal as to the Attorney General. The State is still in it, they just apparently don't care who wins.

After reviewing the record on appeal, we cannot agree that the State does not care who wins. Early in the trial court proceeding, the State moved to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The trial court entered an order on that motion providing that "Defendant Phil Berger and Tim Moore's motion to dismiss under Rule 12(b)(6). In the Court's discretion this motion should be reserved for a ruling by the three-judge panel appointed to this case."

The record on appeal does not contain any indication that the three-judge panel ruled on that motion. That may explain why the State, although named in the complaint, did not appear in this appeal to defend the constitutionality of a state law.

"Ordinarily, this Court hears appeals only after entry of a final judgment that leaves nothing further to be done in the trial court." *State v. Oakes*, 240 N.C. App. 580, 582, 771 S.E.2d 832, 834 (2015). Absent a small set of special exceptions, which must be asserted by the appellant in the opening brief, this Court lacks jurisdiction

to hear an appeal from a non-final, interlocutory order. *Campbell v. Campbell*, 237 N.C. App. 1, 3, 764 S.E.2d 630, 632 (2014).

Because the challenged order entered judgment as to some, but not all, parties in this action, the appeal is interlocutory and we lack jurisdiction to consider it. *Id.* And, despite this Court signaling its concern at oral argument, Plaintiff has not petitioned for a writ of certiorari so that the Court can exercise appellate jurisdiction despite the appeal's interlocutory nature.

The jurisdictional rules governing appealability of final judgments are mandatory even in routine cases. *Id.* But here, we are particularly sensitive to the consequences of a potentially "piecemeal" interlocutory appeal. *Veazey v. City of Durham*, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950). This lawsuit is a facial constitutional challenge to a state law that names the State as a party. Before this Court hears the matter and addresses the constitutionality of that law on the merits, the appeal should include a judgment entered as to the State, so that the State, if it chooses, can appear and advocate for its position on that constitutional question.

Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

DISMISSED.

Chief Judge McGEE and Judge YOUNG concur.